PETER RIEDEL v. MORAN, FITZSIMONS COMPANY, LIMITED.

*Master and servant—Negligence—Independent contractor.*

Plaintiff was struck by a barrel of sugar, which was suddenly and without warning rolled out of the defendant's warehouse upon the sidewalk in front by a truckman in the employ and under the control of a cartage company, which was under contract with the defendant to furnish it trucks, teams, and men to do all its cartage at a certain price per year. The defendant simply pointed out the goods that were to be carted, and their destination, and did .not control the manner in which they should be transferred to the trucks, nor the route that should be taken in taking them to their destination. And, in affirming the action of the trial court in directing a verdict in. favor of the defendant, it is held that the case is governed by *DeForrest v. Wright*, 2 Mich. 368, in which the question is well considered, the authorities discussed, and the correct rule adopted.

Error to Wayne. (Lillibridge, J.). Argued October 10,. 1894. Decided December 22, 1894.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Lemuel H. Foster* (*Charles Flowers,* of counsel), for appellant.

*John G. Hawley,* for defendant.

McGRATH, C. J. On May 26, 1892, plaintiff was passing defendant's place of business on Woodward avenue, city of Detroit, when he was struck by a barrel of sugar,. which was suddenly and without warning or notice rolled out of the defendant's store upon the sidewalk in front. Plaintiff was seriously injured, and brings this action for damages thus sustained.

Defendant's warehouse has two doors opening on Woodward avenue. Plaintiff testifies that, as he passed the lower door, he saw men handling boxes, and, after he got past them, the sidewalk was clear; but, just as he was opposite the other door, he was struck with this barrel. Witness saw Mr. Moran, the president of the defendant company, standing in the door, and he gave no warning until just as the barrel struck plaintiff, when he called out, "Where are your eyes?" The barrel was rolled out by one George Lutz, who was a truckman in the employ of the Sheddon Cartage Company, which company was under contract with the defendant company to furnish it trucks and teams and men to do all its cartage at a certain price per year. There was no stipulation in the contract for any particular men. The defendant did not hire the men, and had no power to discharge them. If the work was not satisfactorily done, defendant looked to the Sheddon Cartage Company under its contract. On the trial, after the testimony was in, the court directed a verdict for the defendant.

Plaintiff's contention in the court below was, and the same claim is made here, that the testimony showed that defendant gave directions to the men how to handle the freight going out of the store for shipment, and consequently the men were under the immediate charge and control of the defendant, and for any acts of negligence of the men the defendant became liable. The testimony does not support plaintiff's contention. The defendant simply pointed out the goods that were to be carted, and their destination. It did not control the manner in which they should be transferred to the trucks, nor the route that should be taken in taking them to their destination. The case is governed by *De Forrest v. Wright*, 2 Mich. 368, in which the question is well considered, the authori-

ties discussed, and a rule adopted which we think is the correct one.

The judgment is affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.