## PRODUCERS' LUMBER CO. et al. v. BUTLER et al.

No. 13101.—Opinion Filed Oct. 3, 1922.

(Syllabus.)

**1. Master and Servant—"Independent Contractor."**

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work.

**2. Master and Servant—Workmen's Compensation—Review of Awards—Failure of Evidence.**

By the provisions of section 10 of the Workmen's Compensation Law (chapter 14, Sess. Laws 1919), the decision of the State Industrial Commission is made final as to all questions of fact; but this is so only when there is some evidence to support such decision, and where there is no evidence to support such finding and decision, the same may be reviewed as a matter of law.

**3. Same—Independent Contractor—Question of Law or Fact.**

The question of what constitutes an independent contractor may involve only a question of law, but ordinarily it involves a mixed question of law and fact. Where the evidence with respect to the relation is oral, and is sufficient to establish the existence of some

relation and is uncontradicted, and is reasonably susceptible of but a single inference, it is a question of law. If the evidence is conflicting, or is such that different deductions may reasonably be drawn, leading to different conclusions as to what relation is established, it is a question of fact, in the sense that the triers of the facts must determine the facts and draw the inferences and make the deductions; but even in such case a certain legal principle must be applied to the facts as found, and a question of law is involved, so that the ultimate question of whether a person is an employe or an independent contractor under certain facts involves a question of law.

**4.  Same—Failure to Show Relation of Employe—Vacation of Award.**

In a proceeding to vacate an award of the State Industrial Commission, if there is no evidence showing the relationship of employer and employe, or from which such relationship may reasonably be inferred, this court must apply the law to such state of facts, despite the contrary finding of the Industrial Commission, and say as a matter of law that the relationship is not shown.

Original Proceeding in the Supreme Court to Vacate an Award of the State Industrial Commission.

Petition filed by Producers Lumber Company and Associated Employers' Reciprocal against F. W. Butler, L. E. Elston, and State Industrial Commission to vacate an award of the State Industrial Commission. Reversed and remanded.

Burford, Miley, Hoffman & Burford, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

NICHOLSON, J.  This is an original proceeding instituted in this court to vacate an award of the State Industrial Commission by which the respondent F. W. Butler was awarded compensation from the Producers Lumber Company and its insurance carrier, the Associated Employers' Reciprocal, the petitioners.

The facts are that F. W. Butler at the time of his injury was, and had been for a number of months prior thereto, employed by L. E. Elston, a teaming contractor, who owned and worked several teams in hauling for whomsoever employed him in the oil fields about Bristow, and employed more than two men. Elston was by the Producers Lumber Company employed to unload a carload of rig timbers and to haul these timbers from the railroad to the company's yard and pile them there. The lumber company exercised no control over the time and manner of

the work and did not hire, discharge, or pay Elston's employes, and gave no directions whatever about the work, except that on a previous occasion it had directed where such timbers should be piled. Payment at the rate of $2.50 per thousand feet of lumber unloaded was made to Elston.

The State Industrial Commission found that the claimant, Butler, was in the employment of the Producers Lumber Company, principal contractor, and L. E. Elston, a subcontractor, without insurance, and was engaged in a hazardous occupation within the meaning of the statute, and while in such employment the claimant received an accidental injury, and awarded him compensation at the rate of $12.98 per week for a period of 30 weeks, being for a total sum of $389.40.

We are unable to understand how the commission arrived at the conclusion that Butler was in the employment of the Producers Lumber Company, principal contractor, and L. E. Elston, subcontractor, as the undisputed evidence shows that Butler was an employe of Elston and that Elston was an independent contractor.

This court has defined an independent contractor as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of the work (quoting Words & Phrases, vol. 4, p. 3542)."  Chicago, R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705.

This definition was also adopted in Chicago, R. I. & P. Ry. Co. v. Bond, 47 Okla. 161, 148 Pac. 103. In fact, an independent contractor has been so defined by many courts of last resort. Words & Phrases, vol. 2 (2nd Series) 1034.

Elston was exercising an independent employment, that of a teaming contractor. He contracted to do a piece of work, i. e., unload a carload of rig timbers and pile them in the yard of the Producers Lumber Company according to his own methods. He was not subject to the control of the lumber company in any way except as to the result of the work, that is, where such timber should be piled. Butler was employed by Elston as a teamster and was under Elston's control. He was not in the employ of the Producers Lumber Company or subject to its orders. The lumber company paid Elston $2.50 per thousand feet for unloading these timbers, and Elson paid Butler $4.50 per day for his

services. Under the undisputed evidence there was no subcontractor, but only a principal contractor, and he was Elston. A subcontractor is "one who contracts with a contractor to perform part or all of the latter's contract." Webster's Dictionary.

The lumber company was not a contractor; it had not contracted to unload timbers for anyone, but was the owner of such timbers, and had let a contract to Elston to unload them for it.

The respondents rely upon section 10 of the Workmen's Compensation Law (chapter 14, Sess. Laws 1919), which provides that the decision of the Industrial Commission shall be final as to all questions of fact, and insist that, inasmuch as the commission found that the Producers Lumber Company was the principal contractor and Elston a subcontractor, this court is bound by such finding and the claimant is entitled to compensation from the lumber company under the provisions of section 4, ch. 14, Sess. Laws 1919, which provides:

" * * * And, provided further, that the principal contractor, intermediate, or subcontractor, shall be liable for compensation to any employe injured while in the employ of any of his intermediate or subcontractors and engaged upon the subject-matter of his contract, to the same extent of his immediate employer. Any principal, intermediate or subcontractor, who shall pay compensation under the foregoing provisions may recover the amount paid from the subordinate subcontractor through whom he may have been rendered liable under this section."

It has been repeatedly held that the finding of fact by the Industrial Commission, where there is evidence to support it, is binding upon this court. But there is no evidence in the record in this case to support the findings that the Producers Lumber Company was principal contractor and Elston a subcontractor, and where there is no evidence to support such findings, the same may be reviewed as a matter of law. Associated Employers' Reciprocal et al. v. State Industrial Commission, 83 Okla. 73, 200 Pac. 862.

The question of what constitutes an independent contractor, may involve only a question of law but ordinarily it involves a mixed question of law and fact. In cases like the one at bar, where the evidence with respect to the relation under investigation is sufficient to establish the existence of some relation and is uncontroverted and is reasonably susceptible of but a single inference, the question of what relationship is thereby shown to exist is purely a question of law. If the evidence is conflicting and is such that different deductions may be reasonably drawn therefrom leading to different conclusions as to what relation is established, it is a question of fact in the sense that the commission must determine the facts, draw the inferences and make the deductions, and in such case the commission's finding of facts is final. But even in such case a certain legal principle must be applied to the facts as found, so that the ultimate question of whether a person is an employe or an independent contractor under such facts involves a question of law and may be reviewed by this court. Columbia School Supply Co. v. Lewis (Ind.) 115 N. E. 103.

The evidence being undisputed, and showing that Butler was not an employe of the Producers Lumber Company, but was an employe of Elston as an independent contractor, this court must apply the law to the facts as they exist despite the contrary finding of the Industrial Commission, and say as a matter of law that the relationship of employer and employe did not exist between the Producers Lumber Company and Butler. Zeitlow v. Smock (Ind.) 117 N. E. 665.

The award is reversed and vacated, and the cause remanded for further proceedings consistent with this opinion.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.

KANE, J., dissenting.