## SOUTHERN CONSTRUCTION CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 15974—Opinion Filed Oct. 20, 1925.

**1. Master and Servant — "Independent Contractor."**

An independent contractor is one who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work.

**2. Same—Award of Workman's Compensation not Sustained.**

Record examined; held, to be insufficient to support award in favor of L. F. Steward.

Original proceeding by the Southern Construction Company and the Southern Surety Company against L. F. Steward and State Industrial Commission to review an award of workman's compensation made in favor of L. F. Steward for injuries alleged to have been suffered during the course of employment. Reversed and remanded.

Burford, Miley, Hoffman & Burford and A. J. Follens, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by STEPHENSON, C. L. F. Steward filed his claim for injuries alleged to have been suffered by claimant in the course of his employment with the Southern Construction Company. A trial of the cause resulted in judgment for the claimant allowing compensation for the injury. The Southern Construction Company and the Southern Surety Company commenced their proceeding in this court within the time provided by statute for a review of the award. Petitioners submit the proposition that the evidence fails to show that Steward was in the employment of the Southern Construc-

tion Company within the terms of the Workmen's Compensation Act, at the time he received the injury; that the relation between the Southern Construction Company and the claimant was that of employer and independent contractor at the time he received the injury complained about.

The facts pertaining to the injury are not disputed and the record presents only a question of law for consideration. The evidence is that the Southern Construction Company employed the claimant to deliver gravel on a road construction job for 20 cents per ton per mile as his compensation. It appears that the claimant owned a truck and was at liberty to drive the truck or employ anyone under his control and direction to perform the same service in delivering the gravel. The construction company was not obligated to exercise any control over the claimant or his driver in the method and manner employed in the performance of the service. The construction company owed no duty to inspect the truck and maintain the same in proper repairs. The employer was concerned only with the delivery of the gravel on the construction job at the place it designated. The testimony of the claimant before the Industrial Commission does not show how the injury occurred. A physician's report shows that the injury resulted from a fracture of the lower end of left radus, and of scaphoid bone, and dislocation of the wrist. The accident occurred on Tuesday, July 29th, and according to the claimant's testimony, he continued to drive the truck and did not discover that his arm was broken until Saturday. Neither the statements filed with the commission nor the claimant's evidence show that the injury was suffered in the course of employment with the construction company.

The undisputed evidence received in the trial of the cause before the Industrial Commission discloses that the claimant was acting in the capacity of an independent contractor, if he suffered the injury while engaged in the service of the construction company. The law defines an independent contractor as one who engages to perform a service for another, according to his own manner and method, free from the control of his employer in all matters connected with the performance of the services, except as to the result or product of the work. Producers Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 730; Midland Oil & Gas Co. v. Creel, 89 Okla. 23, 213 Pac. 852. It ap-

pears from the evidence that Steward was free to drive his own truck or employ a driver for the same service. The construction company was not required by the terms of the employment to compensate persons employed by Steward to drive his truck. The construction company did not have anything to do with the selection of such driver, or supervising the work of the latter in transporting the gravel. The only direction or supervision exercised by the construction company, in connection with the performance of the service, was to point out to the claimant the gravel to be hauled, and the place where it was to be delivered. The rules of law defining an independent contractor, as applied to the evidence in this case, show that the claimant was an independent contractor, if he received the injury while hauling the gravel for the construction company. Western Indemnity Co. v. Pillsbury (Cal.) 159 Pac. 721; Riedel v. Moran, Fitzsimmons & Co., 103 Mich. 262, 61 N. W. 509; Fink v. Mo. Furnace Co., 82 Mo. 276; Zeitlow v. Smock (Ind. App.) 117 N. E. 665; Peach v. Bruno (Mass.) 113 N. E. 279.

The burden was on the claimant to prove that the injury complained of resulted from an accidental injury arising out of and in the course of his employment, as defined by the Workmen's Compensation Act. The evidence of the claimant discloses that he was not an employe of the construction company, as defined by the Workmen's Compensation Act, at the time of his injury, for the reason that he was acting in the capacity of an independent contractor. The evidence also fails to show that the claimant was engaged in hauling gravel, or in driving his truck in connection with the work at the time he fell from the same. The claimant was not entitled to compensation, unless he made proof in these matters. Hogan v. Ind. Commission, 86 Okla. 161, 20 Pac. 303.

It is recommended that the judgment of the commission be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note—See under (1) Workmen's Compensation Acts, C. J. p. 50, § 42; anno L. R. A. 1916A, pp. 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 246; 28 R. C. L. p. 762; 3 R. C. L. Supp. p. 1593; 4 R C. L. Supp. p. 1847; 5 R. C. L. Supp. p. 1560. (2) Workmen's Compensation Acts. C. J. p. 115, § 114.