## WAGONER v. A. A. DAVIS CONSTRUCTION CO. et al.

No. 16504—Opinion Filed Oct. 20, 1925.

1. **Master and Servant — "Independent Contractor."**

An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work.

2. **Same—Refusal of Award for Injuries Under Workmen's Compensation Law.**

Where it appears that a claimant, claiming a right to compensation under the Workmen's Compensation Act, had the right to perform the contract with his principal according to his own methods, and had the right thereunder to employ, and did employ, his own workmen and was not subject to the control of the principal, except as to the result of the work being performed under the contract, the relation of employer and employe did not exist, notwithstanding the principal reserved the right to terminate the work at any time, and notwithstanding the claimant was not given a specific piece of work to perform for a lump sum.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from State Industrial Commission.

Action by J. F. Wagoner, petitioner, against A. A. Davis & Company, J. M. Howell, United States Fidelity & Guaranty Company, and the State Industrial Commission, respondents, to set aside an order of the Industrial Commission denying workman's compensation. Order sustained.

Ratliff & Ratliff, for petitioner.

J. F. Swanson and Rittenhouse & Rittenhouse, for respondents.

Opinion by FOSTER, C. This is an original proceeding instituted in this court by J. F. Wagoner to review an order of the Industrial Commission denying claimant compensation for an accidental injury alleged to have been sustained by him as an employe of A. A. Davis & Company and J. M. Howell. The United States Fidelity & Guaranty Company was the insurance carrier. The claimant will be hereinafter designated as claimant, and A. A. Davis & Company, J. M. Howell, United States Fidelity & Guaranty Company, and State Industrial Commission, as respondents.

The Industrial Commission found:

"That on the 26th day of December, 1923, claimant was engaged in manual labor incident to the performance of a contract by and between respondent and claimant herein, the claimant not being subject to the control of respondent except as to the finished result and being permitted under the said contract, and having the right to perform said contract according to his own methods, and that claimant had a right under said contract and did employ workmen to perform a portion of the labor required to be performed under said contract, and that the relation of employer and employe did not exist between respondent and claimant on the 26th day of December, 1923. The Commission is of the opinion, by reason of the aforesaid facts, that respondent and insurance carrier should be relieved of liability in this cause and the claim of the claimant for compensation denied and this cause dismissed. It is therefore ordered that respondent and insurance carrier, be, and each of them is, hereby relieved from liability in this cause, the claim of the claimant for compensation being and the same is hereby denied and this cause closed."

It is agreed that there is but one proposition for this court to determine and that is whether claimant was an independent contractor or an employe of A. A. Davis & Company at the time he received injuries for which he claims the right to compensation.

It appears that claimant was engaged by respondent A. A. Davis & Company through a subcontractor, J. M. Howell, to haul gravel from railroad cars, in the town of Weleetka, and dump the same on a certain highway which A. A. Davis & Company was under contract to construct in Okfuskee county. When claimant commenced hauling the gravel in the year 1923, he employed one truck, which he operated himself, but later placed two other trucks on the job, hiring men to operate these trucks. Claimant was paid so much per

cubic yard for hauling the gravel, the amount depending upon the distance hauled. The gravel so hauled was dumped along the highway, as the building thereof progressed, according to directions from A. A. Davis & Company. Claimant was paid by tickets issued by the inspector as the gravel was dumped, and subsequently cashed on presentation at regular intervals of two weeks. The contract under which claimant performed these services was entirely oral and was subject to termination at the will of either party, there being no time agreed upon nor any special quantity of gravel to be hauled, the claimant being at liberty to discontinue work at any time and the respondent at liberty to dispense with claimant's services at any time. Claimant controlled the hours of work of both himself and his employes.

These are, we think, the salient points in the evidence upon which the Industrial Commission found and concluded that the relationship between claimant and respondent was that of principal and independent contractor. The evidence with respect to the relation between claimant and respondent being oral, the question of whether the relationship was that of principal and independent contractor or employer and employe becomes a mixed question of law and fact. Producers Lumber Co. et al. v. Butler, 87 Okla. 172, 209 Pac. 738. It is therefore necessary for this court to review both the law and the evidence in the case in order to determine whether or not the Industrial Commission erred in its conclusion that the relation of employer and employe did not exist between respondent and claimant on the 26th day of December, 1923.

It is apparent, from the above quoted findings, that the Industrial Commission based its conclusion that the relation of employer and employe did not exist between respondent and claimant on findings by it that claimant had the right to perform his contract according to his own methods, and had the right thereunder to employ and did employ, his own workmen and was not subject to the control of the respondent except as to the result of the work. We have reviewed the evidence in this case, and from such review, we cannot say that the findings of fact above referred to are not supported thereby.

It is insisted, however, that inasmuch as claimant was required to deposit the gravel as directed by respondent. he did not control the method by which his contract was being performed so as to make him an in-

dependent contractor within the rule established by the authorities. It must be remembered, however, that the place at which the gravel was to be deposited was not fixed by the contract in any particular point, and therefore the directions given by respondent related merely to the results of the work rather than to the method by which the work was to be performed. An independent contractor is always subject to the direction of the employer as to the result of the work as distinguished from the method employed in its performance. There was no direction by the respondent as to how many trucks the claimant should use, or whether he should use team and wagon instead of trucks, or any direction as to the hours of labor. Nor did the respondent exercise any authority as to the workmen employed by claimant in the performance of his contract, the claimant being left free to employ his own workmen at a wage agreed upon between them.

It is also urged that the relation is that of employer and employe because the claimant did not have a specific and well-defined piece of work to perform for a lump sum, and that his services could be dispensed with by the employer at will. We do not think there is any merit in this contention. Owing to the peculiar nature of the work, the location of the place where the gravel should be dumped varied as the work of constructing the highway progressed, and we know of no reason why the existence of the relation of principal and independent contractor should be made to depend upon the nature and character of the work.

We have already determined that directions from the respondent as to the place where the gravel should be placed related to the results of the work, just as an owner employing an independent contractor to construct a building would have a right to direct where the building should be erected, and such directions are not inconsistent with the relationship of principal and independent contractor.

Nor is the right of the employer to terminate the employment conclusive upon this issue. In 14 R. C. L. at page 72, it is said:

"* * * The relation between parties is, however, to be determined from the surrounding indicia of control, and the sole circumstances that the employer has reserved the right to terminate the work and discharge the contractor does not necessarily make the contractor a mere servant. * * * The courts do not make the right to discharge the employe the decisive test whether he is an independent contractor, but look to the broader question,

whether he was in fact independent or subject to the control of the person for whom the work is done, as to what should be done and how it should be done."

The record discloses that the claimant himself employed two men; that he owned the three trucks he was operating; that he exercised absolute control over his employes who were operating two of the trucks; that neither A. A. Davis & Company nor J. M. Howell, the subcontractor, exercised any control whatever over the claimant, or his employes, except as to the result of their work; that the respondent neither hired, discharged, nor paid these employes of claimant; that claimant was paid so much per yard for the amount of gravel placed by him upon the highway; that claimant and his men commenced and quit work when they chose, and that all the machinery and implements with which the work was performed were furnished by claimant.

In Producers Lumber Co. et al. v. Butler, 87 Okla. 172, 209 Pac. 738, our court said in the first paragraph of the syllabus:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work."

Under the authorities, generally, the test to be applied in determining whether a person is an employe or independent contractor is whether the employer reserves the right to control the manner of doing the work. Zeitlow v. Smock (Ind.) 117 N. E. 665; Storm v. Thompson (Iowa) 170 N. W. 403; Words and Phrases, vol. 4., page 3542 (First Series).

Having reviewed both the law and the evidence in this case, we cannot say that the Industrial Commission erred in either its findings of fact or its conclusion of law. We are satisfied that it properly applied the law to the facts as they were correctly found to exist, and that the commission did not err in concluding that the relation of employer and employe did not exist between respondent and the claimant, on the 26th day of December, 1923, and in denying the claim of the claimant for compensation under the Workmen's Compensation Act.

The prayer of claimant to set the order aside is denied.

By the Court: It is so ordered.

Note.—See under (1,2) Workmen's Compensation Acts. C. J. p. 50. § 42; anno. L.