### MARYLAND CASUALTY CO. et al. v. STATE INDUSTRIAL COM. et al.

No. 21873. Opinion Filed April 21, 1931.

J. S. Ross, S. J. Clay, and James H. Ross, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. This is an original action filed in this court to review an award made by the State Industrial Commission in favor of the claimant, E. R. Bowen, and against the petitioners, Maryland Casualty Company and Clarence Nye, for an injury received while cranking a hoist of a truck while engaged in hauling gravel from a certain gravel pit to a crusher located on the highway running out of Nowata which was under course of construction and on which the gravel was to be used.

The only question presented in this proceeding is whether the claimant was an employee of respondent Nye within the meaning of the Workmen's Compensation Act (Comp. St. 1921. sec. 7284, subd. 4, as amended by Laws 1923, c. 61, sec. 2.), or an independent contractor.

The Industrial Commission found that he was such employee. Ordinarily this finding would be binding upon this court, and particularly would this be true if there was a conflict in the evidence. But where there is no conflict in the evidence, and the evidence as a whole is reasonably susceptible of but a single inference, it is not then a question of fact, but a question of law whether the relation be that of employer and employee or independent contractor. In this case we think the uncontradicted evidence shows conclusively that the claimant at the time he received the injury was an independent contractor and not an employee of Nye within the meaning of the Workmen's Compensation Act.

The Attorney General, for the respondents, summarizes the evidence as follows:

"It appears that petitioner Nye was a contractor who had a contract with the Hamilton Construction Company to haul gravel at so much per yard from a certain gravel pit to the road under construction out of Nowata. He had several trucks of his own, and, in addition, hired Mr. Bowen, who owned his own truck, to haul gravel at 60 cents a yard. (R. 18.) The employer directed the claimant where to go for the gravel, where to take it, and required him to work whenever the crusher was running. Even if that necessitated the claimant's working overtime. In answer to the question 'Did you have any other supervision over him besides that?' Mr. Nye replied: 'No, don't think so.' (R. 9.) The claimant testified that Nye hired him to haul gravel at so much per load. He was directed by Nye to haul rock from the crusher to the block of concrete on the Nowata road. (R. 9) He stated that he had to work whenever the crusher worked. That while cranking the hoist on the truck in unloading a certain load, his foot slipped in the sand, and he wrenched his back. (R. 10-11.)"

This is a fair summary of the evidence, except that the record further shows that claimant, if he so desired, could and did himself on one occasion employ and pay another person to operate his truck while hauling the gravel, and is such as to bring it almost squarely within the facts in the case of Southern Construction Co. v. State Industrial Comm., 112 Okla. 248, 240 Pac. 613. The reasons given in that case for holding the claimant to be an independent contractor rather than an employee were:

"The company employed the claimant to deliver gravel on a road construction job for 20 cents per ton per mile as his compensation. It appears that the claimant owned a truck, and was at liberty to drive the truck or employ any one under his control and direction to perform the same service in delivering the gravel. The construction company was not obligated to exercise any control over the claimant or his driver in the method and manner employed in the performance of the service. The construction company owed no duty to inspect the truck and maintain the same in proper repairs."

There is no substantial difference in the facts as shown by the evidence in this case and those in the case of Southern Construction Co. v. Industrial Commission, supra.

It cannot be said that there is a conflict in the evidence, for on this point the evidence of claimant and petitioner herein is in accord, and is such that but one inference may be drawn therefrom, and that is that the claimant was an independent contractor and not an employee. It follows that the award of the Industrial Commission should be, and it is hereby, vacated and set aside.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS. McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.