### SHERBON et al. v. EVANS et al.

No. 21119. Opinion Filed June 30, 1931.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

O. O. Jenkins, for respondents.

HEFNER, J. This is an original proceeding in this court by Richard Sherbon and United States Fidelity & Guaranty Company to review an award of the State Industrial Commission awarding compensation to R. D. Evans.

Claimant, while in the employ of the petitioner, Sherbon, received a cut in his hand from a nail. The Commission awarded him compensation in the sum of $200 because of total temporary disability, and a further sum

of $500 for partial loss of two fingers, making a total award of $700.

Petitioners contend that the award is erroneous for the reason that the evidence discloses that the relation of employer and employee did not exist between claimant and Sherbon; that claimant was doing the work in which he was engaged as an independent contractor.

The evidence discloses that Sherbon was a building contractor; that he had contracted with E. W. Marland to construct a building for him in Ponca City; that he employed claimant to move the trash from the building as it accumulated; that claimant engaged a truck from a man by the name of Weaver, with which to do the hauling, and also hired him to assist in the hauling; that Sherbon had no control over the truck nor Weaver. The evidence further discloses that claimant was to receive from $1 to $1.25 per load for the trash hauled, depending upon the distance it was hauled; that such material as was suitable for that purpose was to be dumped on the road, and such material as was not so suited was to be thrown in the river; that Sherbon directed the manner in which the trash was to be removed.

It is further established that on the morning of the injury a convention was to be held in Ponca City, and Sherbon directed claimant to remove all trash around the building prior to the assembling of the convention. Claimant proceeded according to directions to remove the trash, and while so engaged received the injury complained of.

In our opinion this evidence is sufficient to establish the relation of employer and employee between claimant and Sherbon. He was under the control and direction of Sherbon and performed the work in the manner and time as directed by him.

An independent contractor is defined as follows, in the case of Wagoner v. A. A. Davis Const. Co., 112 Okla. 231, 240 Pac. 618:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of the work."

Under the evidence claimant did not perform the work according to his own methods and without direction from Sherbon; he was therefore not an independent contractor.

Petition to vacate is denied.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, AN-

DREWS, McNEILL, and KORNEGAY, JJ., concur.