### ELLIS & LEWIS, Inc., v. TRIMBLE.

No. 25806. April 7, 1936.

Rehearing Denied April 28, 1936.

Hudson & Hudson, for plaintiff in error.

C. E. Thomas and McCollum & McCollum, for defendant in error.

BAYLESS, J. The plaintiff in error, Ellis & Lewis, Inc., a corporation, was defendant in an action in the district court of Pawnee county, Okla., filed by the defendant in error, Alfred Trimble, a minor, through his guardian. The parties will be referred to herein as plaintiff and defendant.

The basis of the plaintiff's action was certain injuries which he sustained as a result of being struck by a truck driven by one Phillips. It was alleged that Phillips was negligent. It was also alleged that Phillips was an agent, servant, or employee of defendant and that defendant was responsible to plaintiff for Phillips' negligent conduct on the theory of respondeat superior.

The main defense of defendant was that Phillips was an independent contractor in the performance of the services which he was performing, and a general and specific denial of agency, duly verified.

The plaintiff proved only that Phillips was engaged in hauling material for defendant, in fact, this was admitted, and relied upon the presumption of agency said to arise therefrom (Oklahoma City Const. Co. v. Peppard, 43 Okla. 121, 140 P. 1084) to carry him to the jury and to shift the burden of the proof upon that issue to the defendant. The court overruled defendant's demurrer to the evidence of the plaintiff. Defendant then introduced evidence, rested, and when plaintiff introduced no more evidence, moved for a directed verdict, which was denied. The jury's verdict was for plaintiff.

The defendant's assignments of error and contentions go almost entirely to the action of the trial court in overruling the demurrer and motion for directed verdict, each of which went solely to the question of agency or independent contractor.

The trial court committed no error when it overruled defendant's demurrer. There was no contention that Phillips was not performing services for defendant. The case of Oklahoma City Const. Co. v. Peppard, supra, is authority for raising the presumption of agency from such circumstances and of shifting the burden to defendant to establish otherwise.

We now pass to a consideration of the evidence in the light of a motion for directed verdict. The only testimony concerning Phillips' relation to defendant is the testimony of Phillips, a witness for defendant. No one contradicted him and it does not conflict with any other facts proved. The substance of this testimony may be stated, as follows: Defendant was engaged in constructing a concrete highway in Pawnee county; it had its stores of supplies and materials at Hallet, and was forced to haul these from

Hallet to points on the highway being constructed; it engaged Phillips to haul these materials; Phillips owned the truck, paid for its upkeep and operation, and defendant paid Phillips so much per load and nothing else; defendant told Phillips when to commence work, where to get the materials and where to deposit it; and defendant could fire Phillips at any time and he could quit at anytime.

The court did not instruct the jury that Phillips was an agent or an independent contractor, but left to the jury this issue. The effect of the jury's verdict was to resolve this issue into one of agency. The effect of this finding upon us is as stated in. Maryland Casualty Co. v. State Ind. Com., 148 Okla. 204, 298 P. 275:

"* * * Ordinarily this finding would be binding upon this court, and particularly would this be true if there was a conflict in the evidence. But where there is no conflict in the evidence, and the evidence as a whole is reasonably susceptible of but a single inference, it is not then a question of fact, but a question of law whether the relation be that of employer and employee or independent contractor."

We must proceed to examine this uncontradicted evidence in the light of this rule.

The issue of whether one is an independent contractor or an agent, servant, or employee is often very difficult to determine. The statement of this problem and the tests by which it will be judged may be found in Barnsdall Refining Co. v. State Ind. Comm., 163 Okla. 154, 21 P. (2d) 749:

"As a general rule, the line of demarcation between an independent contractor and a servant is one not clearly drawn by the courts. The question must be determined upon the facts peculiar to each case. * * *

" 'With the above-announced rule we agree, and we do not attempt to lay down any particular rule by which an agent or servant can be distinguished from an independent contractor. Practically all of the authorities, in discussing this question, lay down the general broad rule that, in determining whether a person is an agent or an independent contractor, it is necessary to look first to the contract and the practices under it, together with the results to be accomplished. We also find that the following elements are considered in determining whether a party is an agent or an independent contractor: (1) The degree of control exercised by the employer, or the independence enjoyed by the contractor or agent; (2d) whether the party is to be paid by the job or is to receive a certain salary by the day, week, or month; (3) whether his employment consists solely in working for his employer; (4) the control that is exercised over him in the method and manner of performing the work; (5) whether the agent uses his own equipment, or whether the equipment, if any, so used, is owned and controlled by the owner; and (6) the nature of the contract, whether written or oral.' "

This statement would apply with full force and detail in its application for the first time. It is not to be ignored in any case to which it is applicable, but it must be applied in later cases, involving fact situations similar to earlier cases, exactly as it was applied to the earlier cases. In other words, when we are called upon to determine such an issue for the first time we are not bound to any set situation except as we should adhere to legal principles. This is not true in later determinations of the issue on substantially similar fact situations. Our decisions on such issues should be consistent, and only substantially dissimilar fact situations can justify differing decisions in later cases on such an issue.

At least five cases have come to our attention where a person undertook to haul the property of another under contracts and fact situations very similar to those in this case. Four of these cases: Maryland Casualty Co. v. State Ind. Comm., 148 Okla. 204, 298 P. 275; Sou. Const. Co. v. State Ind. Comm., 112 Okla. 248, 240 P. 613; Wagoner v. A. A. Davis Const. Co., 112 Okla. 231, 240 P. 618; and Porter Const. Co. v. Burton, 156 Okla. 72, 8 P. (2d) 64, involve hauling materials for street or road construction and repair. We have obtained the records in those cases and have reexamined them and have compared them closely to the facts in this case. We can find no substantial difference which would favor plaintiff and justify a different finding of fact or conclusion of law thereon; and, in fact, plaintiff's case is not as strong as at least two of them. In each of those cases we concluded from the uncontradicted evidence that persons engaged as Phillips was were independent contractors and were not servants or agents. We can come to no other conclusion herein.

The mere legal presumption indulged the plaintiff to overcome defendant's demurrer was insufficient, when opposed by defendant's positive and uncontradicted evidence, to raise an issue for the jury. Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65. In the face of evidence such as defendant introduced, the plaintiff was bound to assume the burden of the proof on that issue and to go forward with it. He did not do so.

Therefore, the court committed error in submitting the issue to the jury.

The cases above cited are workmen's compensation cases. But there can be no difference in legal principle on this account. If so, it is to plaintiff's disadvantage. The Workmen's Compensation Law is social legislation, enacted with a design of beneficence, and we were enjoined to, and have always construed it liberally to effect that end. The plaintiff's cause of action is one of a type or class almost as old as our law, and common to all of our citizens alike. It would be absurd to say, in applying liberally the Workmen's Compensation Law, that one engaged in rendering such services was an independent contractor and was not entitled to the benefits of the law for his own injuries, and, on the other hand, to say, in similar circumstances, that he was a servant or agent of the one for whom he was rendering services, and could serve as a conduit to carry responsibility for his acts to the one for whom he was rendering services, and thereby enable a third person to be benefited for his injuries.

The judgment is reversed and the cause is remanded.

BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and RILEY and PHELPS, JJ., dissent.