## BRISCOE CONSTRUCTION CO. et al. v. MILLER et al.

No. 28477.   Dec. 13, 1938.

S. S. Wachter and George E. Lipe, for petitioners.

W. H. Lewis, N. J. Futoransky, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Briscoe Construction Company and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of W. A. Miller, hereafter referred to as respondent.

On June 6, 1937, respondent, while assisting two employees of the petitioner Briscoe Construction Company to load a road grader on a truck preparatory to its transportation from Stillwater to Lawton, sustained an accidental personal injury which resulted in the loss of his right eye. The injury and the extent thereof is not an issue here. On June 24, 1937, respondent filed with the State Industrial Commission employee's first notice of injury and claim for compensation. The petitioners denied liability, and at the hearing held to determine that issue insisted that respondent at the time of his injury was engaged in an employment which was neither subject to nor covered by the provisions of the Workmen's Compensation Act (O. S. 1931, section 13348 et seq., as amended, 85 Okla. St. Ann. sec. 1 et seq.), and further that respondent was an independent contractor and not an employee. The State Industrial

Commission found, inter alia, that respondent was engaged in a hazardous business as an employee at the time of his injury and that his average daily wage was $4.50, and made an award in accordance with said findings. The petitioners attack the findings so made. The first contention of petitioners involves a jurisdictional question. Under such circumstances this court will not accept as conclusive the finding of the commission, but will make its own independent finding with respect thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P.2d 32; Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777; Davon Oil Co. v. State Industrial Commission, 177 Okla. 612, 61 P.2d 579. It is conceded that the petitioner Briscoe Construction Company was engaged in the road construction business, an employment expressly defined as hazardous by statute (section 13349, O. S. 1931, 85 Okla. St. Ann. sec. 2), but it is urged that, since respondent was the owner and operator of a truck and was performing a service with such truck, he should have been found to have been engaged in a nonhazardous employment. This is a non sequitur. There is no claim that Briscoe Construction Company was engaged in more than one business, and therefore those cases which have to do with situations where different types of employment are carried on by the same employer are not in point and have no application. If the employer conducts only one business and such business is one defined as hazardous by the Workmen's Compensation Act, then manual or mechanical workers employed therein, if injured while doing something connected with, incident, and an integral part of such business, are within the provisions of the act. Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P.2d 98; Gibson Oil Co. v. Mannah, 180 Okla. 451, 70 P.2d 100; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846. When a converse situation is presented, then the converse rule applies. Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P.2d 944. Such rule, however, has no application to the facts shown by the record in the cause now under review. The petitioner Briscoe Construction Company conducted a single business which was hazardous by the express terms of the statute and which business required the removal of its equipment from one place to another as an essential incident to the conduct and operation of the business. The respondent in assisting in the loading of the road grader was performing work of a manual or mechanical nature which was not only connected with and incident to, but an integral part of the business, and therefore, if he was an employee, he was in an employment embraced in the act, and the finding of the commission to such effect was correct.

This, therefore, brings us to the second contention of the petitioners, which is that the respondent was an independent contractor rather than an employee. In support of this contention we are cited to Southern Const. Co. v. State Industrial Comm., 112 Okla. 248, 240 P. 613; Wagoner v. A. A. Davis Const. Co., 112 Okla. 231, 240 P. 618; Maryland Casualty Co. v. State Industrial Comm., 148 Okla. 204. 298 P. 275; Ellis & Lewis v. Trimble, 177 Okla. 5, 57 P.2d 244. In the cases thus cited, as well as numerous other decisions of this court not cited, this court has had occasion to distinguish independent contractors, servants, agents, and employees, and has repeatedly held that where an individual is in fact an independent contractor, he may not recover compensation. However, for the reasons stated in Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P.2d 149, and Barnsdall Refining Co. v. State Industrial Comm., 163 Okla. 154, 21 P.2d 749, we will not attempt to review all of the prior decisions. It will suffice to say in this connection that the evidence upon this issue before the commission was in conflict, and therefore the question became one for the determination of the commission. As said in the case of Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 296, 241 P. 1092:

"Whether a workman is an employee or an independent contractor is a question of fact upon which the judgment of the Industrial Commission is conclusive, where the facts are in dispute. It only becomes a question of law when no other inference can reasonably be drawn from the facts than that the workman was an independent contractor. The decision of the commission that the workman is an employee and not an independent contractor is conclusive where the facts are in dispute."

It is finally contended that the Industrial Commission erred as a matter of law in finding that respondent's average daily wage was $4.50 per day and in awarding compensation upon that basis. This contention is well taken and must be sustained. The respondent had not worked either for the same employer or for another, in the same employment in which he was injured during substantially the whole of a year. Under such circumstances, the State Industrial Commission should have ascertained the respondent's average annual earnings in

the manner directed by subdivision 2 of section 13355, O. S. 1931, 85 Okla. St. Ann. sec. 21, subdivision 2, and his average weekly wage in the manner directed by subdivision 4 of said section. The commission attempted to apply subdivisions 1 and 2 of said section by resorting to a different employment from that in which it had just found that respondent had been injured. The respondent was injured while working in a hazardous employment, to wit, that of road construction, and his compensation had to be based upon wages paid in such employment and could not be based upon wages paid in other employments. This the State Industrial Commission attempted to do, and in so doing erred as a matter of law. When an award has been made under an inapplicable provision of the statute, on review such award will be vacated by this court so as· to enable the State Industrial Commission to proceed under the applicable provision of the statute to make a proper award. R. S. James Const. Co. v. Aylor, 171 Okla. 173. 42 P.2d 528. The award is therefore vacated so as to enable the State Industrial Commission to ˏproceed in the manner directed by statute to ascertain the average annual earnings of the respondent and for average weekly wages and to make a proper award of compensation based thereon.

Award vacated, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.