BLACKWELL CHEESE Co. v. PEDIGO et al.

*96 P. 2d 1043.*

No. 28494.  Nov. 14, 1939.

Rehearing Denied Dec. 12, 1939.

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for plaintiff in error.

Henry S. Johnston, of Perry, for defendant in error.

OSBORN, J.  This action was instituted in the district court of Noble county on September 18, 1935, by Maggie E. Pedigo, hereinafter referred to as plaintiff, against T. D. Waller and Blackwell Cheese Company, hereinafter referred to as defendants, wherein plaintiff sought damages for personal injuries sustained by her in a collision between a car in which she was riding and a truck operated by defendant Waller. The cause was tried to a jury, and a verdict was rendered against both defendants. The defendant Blackwell Cheese Company has appealed.

It appears that at the close of the plaintiff's evidence defendant company demurred thereto and at the close of all the evidence moved for a directed verdict. The demurrer and motion were overruled, and the cause was submitted to the jury.

It is unnecessary to outline the circumstances relating to the collision or to detail the nature of plaintiff's injuries. Defendant Waller has not appealed. The sole issue involved herein is the lia-bility of defendant company, which liability was fixed by the trial court under the doctrine of respondeat superior.

It is the contention of said defendant on appeal that Waller was not a servant or employee of said company, but was an independent contractor.

It appears that defendant company's plant is located in Blackwell, Okla. Defendant Waller operated a milk route from the town of Mulhall to Blackwell, a distance of about 60 miles. His business was to transport the milk from the farms to the company's plant. It appears that the territory in which he operated was assigned to him by defendant company. It was his testimony that when he commenced working the route there were eight farmers who sold milk to defendant company; that through personal solicitation he built up the route and at the time of the collision involved herein he had 31 customers. His compensation was paid by the farmers at the rate of 25 cents per 100 pounds of milk hauled. It is shown that the expense of hauling was deducted from the individual checks of the farmers by the company and at regular intervals the company issued its check to defendant Waller. It is shown that the milk cans used by defendant Waller were owned either by himself or by the farmers; that the company owned none of the cans. The truck was owned by defendant Waller. He paid all of the expense of operation of the same. He testified that the company exercised no supervision over the hours in which he worked on the route; that the company had regular solicitors who solicited business for the company, but that he was under no obligation to haul the milk for the farmers whose business was solicited by the regular solicitors.

Defendant Waller lived at Perry, Okla., which is 38 miles south of Blackwell and 22 miles north of Mulhall. On the day of the collision, which was Sunday, defendant Waller had left his home about daybreak, and had gathered the milk along his route and had delivered the same at the plant in Blackwell at about 11 o'clock a. m. He went to the

home of a friend about four miles northwest of Blackwell, where he ate his noon meal. He then returned to Blackwell and started south toward his home at Perry. He had a number of empty milk cans in his truck which were to be delivered the following morning to the farmers along his route. The collision occurred about 18 miles north of Perry.

Where the evidence is undisputed, the question of whether the relationship of the parties is that of contractor and contractee or employer and employee is one of law for determination by the court. Fairmont Creamery Co. of Lawton v. Carsten, 175 Okla. 592, 55 P. 2d 757; Branham v. International Supply Co., 166 Okla. 273, 27 P. 2d 354.

An independent contractor is one who is engaged to perform a certain service for another according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service except as to the result or product of the work. Southland Cotton Oil Co. v. Pritchett, 167 Okla. 6, 27 P. 2d 819. In 43 A.L.R. 1313, appears the following note:

"Among all the circumstances bearing upon the determination of the question whether a truckman is an independent contractor or an employee, the right of the employer to control the truckman is the most decisive."

Said annotation relates to truckmen as independent contractors. An annotation in 42 A.L.R. 609, relates to teamsters as independent contractors.

In the case of Fairmont Creamery Co. of Lawton v. Carsten, supra, it was said:

"In the note in 16 L.R.A. (N. S.) 816, it is stated:

" 'The earlier cases upon this subject are collected in a note to Richmond v. Sitterding, 65 L.R.A. 468. As is there shown, the cases generally hold that draymen, truckmen, cartmen, etc., are regarded as independent contractors, unless there is specified evidence that control was exercised over them by the owner of the goods which were being hauled.'

"The later cases are to the same effect, and the decisions generally turn upon the question whether the owner of the goods exercised, or did not exercise, control over the goods during the process of hauling."

An examination of all the authorities discloses that the control referred to relates to control over the goods transported and over the details of the work. In this respect we find no conflict in the evidence as to the nature and extent of the duties of defendant Waller or as to the nature of his relationship with defendant company. It is noted that the property which he transported was not the property of defendant company, but of the farmers along the route; that his compensation was paid by said farmers; that he was primarily amenable to them for the transportation of the milk, which did not become the property of defendant company until it was delivered at the plant, graded, tested, and accepted by said company. Defendant Waller's testimony to the effect that he selected his own hours for working the route is undisputed. This is likewise true with regard to his testimony that he contracted with the farmers for transportation of the milk. It therefore appears that the sole connection between defendant Waller and defendant company was that said company assigned the territory to him and issued checks to him in payment of his services after deducting the charges for transportation from the checks of the farmers whose milk was delivered by Waller.

Plaintiff introduced evidence to the effect that defendant company at times conducted schools of instruction for its truckmen in which they were instructed in the matter of solicitation of business. It appears that by training the truckmen in the solicitation of business the company undoubtedly expected to benefit by increased business, but certain benefits likewise resulted to the truckmen themselves, whose compensation depended solely upon the number of customers procured by the company who would permit the truckmen to haul for them. This fact constitutes no evidence of con-

trol of the actions of Waller by the company.

The record is devoid of any evidence which shows that defendant company attempted to exercise any manner of supervision or control over Waller insofar as the details of operation of the route were concerned or over the goods being transported. In the absence thereof we must hold that defendant Waller was an independent contractor and that defendant company is not liable under the rule of respondeat superior for the torts committed by him. Said defendant company was entitled to a directed verdict in its favor.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

BAYLESS, C. J., and RILEY, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and CORN, J., absent.