E. A. LIEBMANN ICE Co. et al. v. MOORE et al.

*97 P. 2d 37.*

No. 29007.   Dec. 12, 1939.

James C. Cheek, of Oklahoma City, for petitioners.

Dan Jennings, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original original proceeding instituted in this court by Liebmann Ice Company and Commercial Standard Insurance Company, hereafter referred to as petitioners, to review an award made by the State Industrial Commission in favor of Lawrence Moore, hereafter referred to as respondent. On the 20th day of July, 1938, the respondent was employed in delivering ice, when he sustained an accidental injury for which the award is made. Respondent was engaged part of the time in delivering ice on a prescribed route and part of the time in the plant to help service cars from the dock and to perform other duties in and around the plant. At the time of the injury he was on his route and had left his truck for the purpose of delivering the hundred pounds of ice to one of his customers. The nature of the injury and extent thereof is not an issue here.

On the 2nd day of September, 1938, the respondent filed with the State Industrial Commission his first notice of injury and claim for compensation. Petitioners denied liability and at the hearing held to determine that issue alleged that the respondent was an independent contractor and not an employee. The State Industrial Commission found that the respondent was an employee and entered an award for temporary total disability. This proceeding is brought to review said award.

Petitioners present two propositions: (1) That the respondent was an independent contractor and not an employee; (2) that there is no competent evidence to sustain the finding of the Industrial Commission as to 'the average daily wage of the employee.

We shall first consider the contention of the petitioners that the respondent was an independent contractor. In support of this contention, we are cited, among other authorities, to Ellis & Lewis v. Trimble, 177 Okla. 5, 57 P. 2d 244. In the recent case of Briscoe Construction Co. v. Miller, 184 Okla. 136, 85 P. 2d 420, we had occasion to review the authorities in a similar situation, and therein we said:

"In support of this contention we are cited to Southern Const. Co. v. State Ind. Comm., 112 Okla. 248, 240 P. 613; Wagoner v. A. A. Davis Const. Co., 112 Okla. 231, 240 P. 618; Maryland Casualty Co. v. State Ind. Comm., 148 Okla. 204, 298 P. 275; Ellis & Lewis v. Trimble, 177 Okla. 5, 57 P. 2d 244. In the cases thus

cited, as well as numerous other decisions of this court not cited, this court has had occasion to distinguish independent contractors, servants, agents and employees, and has repeatedly held that where an individual is in fact an independent contractor, he may not recover compensation. However, for the reasons stated in Getman-MacDonnell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149; Barnsdall Refining Co. v. State Ind. Comm., 163 Okla. 154, 21 P. 2d 749, we will not attempt to review all of the prior decisions. It will suffice to say in this connection that the evidence upon this issue before the commission was in conflict, and therefore the question became one for the determination of the commission. As said in the case of Oklahoma Pipe Line Co. v. Lindsey, 113 Okla. 296, 241 P. 1092; 'Whether a workman is an employee or an independent contractor is a question of fact upon which the judgment of the Industrial Commission is conclusive where the facts are in dispute. It only becomes a question of law when no other inference can reasonably be drawn from the facts that the workman was an independent contractor. The decision of the commission that the workman is an employee and not an independent contractor is conclusive, where the facts are in dispute.' "

The record discloses that there was a conflict in the evidence as to whether the respondent was hired as an employee to deliver the ice on a certain route or whether he entered into an independent contract to deliver ice which he purchased from the petitioner Liebmann Ice Company. We find competent evidence in the record to support the finding of the Industrial Commission that he was an employee hired by the Liebmann Ice Company to deliver ice on a prescribed route, and that he was under the direction and control of the petitioner Liebmann Ice Company.

It is next contended that there is no competent evidence to sustain the finding of the State Industrial Commission as to the average daily wage. We fail to find where the State Industrial Commission made a finding as to the average daily wage. We also fail to find where this was made an issue before the State Industrial Commission. The petitioners neither denied the daily wage nor the monthly wage as stated by the respondent in his original claim filed, nor did they offer any evidence in support of any theory as to the average daily wage. However, we have reviewed the evidence, and find that there is competent evidence to sustain the finding of the State Industrial Commission that the average monthly salary of the respondent was $75. The award was for temporary total disability in the sum of $109.63 computed at the rate of $11.59 per week for 9½ weeks. It is not disputed that the respondent had worked for the Liebmann Ice Company substantially the whole of the year next preceding the date of the injury. Under subdivision 1, sec. 13355, O. S. 1931, 85 Okla. St. Ann. § 21, the method of computing the rate of compensation was to determine the average daily wage and multiply the same by 300 to arrive at the average annual earnings of the respondent. We find competent evidence in the record reasonably tending to support the finding of the commission as to the average daily wage, and the petitioner did not question such evidence before the commission or offer any evidence to refute such evidence as the respondent offered. In such case the finding thereon will not be disturbed. Chickasha Cotton Oil Co. v. Marcum, 182 Okla. 55, 75 P. 2d 1129.

Award sustained.

BAYLESS, C. J., and RILEY, OSBORN, DAVISON, and DANNER, JJ., concur.