W. H. BUTCHER PACKING CO. et al. v. HIXON et al.

No. 30178. Nov. 12, 1941.

Rehearing Denied Dec. 23, 1941.

*119 P. 2d 1019.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Merle G. Smith, of Guthrie, and Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for respondents.

DAVISON, J. This is an original proceeding brought by W. H. Butcher Packing Company and its insurance carrier, Consolidated Underwriters, as petitioner, to obtain a review of an award made by the Industrial Commission to Ralph Hixon, respondent.

Respondent lives on a farm near Guthrie, Okla. One of his occupations consists of selling and distributing along a certain route extending out of said city meat and other products packed and prepared for sale at the Oklahoma City plant of W. H. Butcher Packing Company.

The injury which gave rise to the proceedings for respondent's compensation resulted from an automobile accident in which respondent was involved on the afternoon of July 15, 1940, while en route from the packing company's plant to Langston University, at Langston, Okla., which is on his regular route or "territory." His mission on said journey was to deliver to said institution 300 hams which it had ordered from the packing company and which he was transporting in his own coupe automobile at the time of the accident.

It is conceded that the business of the petitioner, W. H. Butcher Packing Company, is hazardous, and that the respondent sustained an accidental injury, but it is earnestly insisted on behalf of both petitioners that the Industrial Commission was without jurisdiction to award the respondent compensation for three reasons. The first of these is that respondent was an independent contractor rather than an employee of W. H. Butcher Packing Company. A determination of the question thus presented requires a review of portions of the evidence.

According to the undisputed facts, W. H. Butcher Packing Company remunerates the respondent for his services in selling and distributing its products by paying his 25 per cent of the sale price of all such products that are sold and delivered to customers that respondent calls on along his route, whether he takes the order for a particular sale, or whether it is transmitted directly by the customer. Out of his commissions, Hixon defrays the expense of delivering said products to the customers he serves, irrespective of whether same are delivered in his own automobile or by a different means of transportation. Most of such deliveries are made in a truck owned, operated, and maintained by the respondent for this purpose. In his ordinary daily routine respondent drives his truck from his home near Guthrie to the packing company's plant in Oklahoma City, where it is loaded with the necessary cargo to fill the orders that he has received while calling upon the company's customers along his route the day before or have been otherwise received at the plant before his departure. After his truck is loaded, respondent then proceeds along his route in it, delivering the contents thereof to their various destinations, soliciting new orders for the company and sometimes collecting the proceeds of sales already made. Such receipts he delivers to the packing company when he goes to Oklahoma City the next morning together with the orders he has received, unless he has occasion to go there before that time, as in case of a special order, like the one in question from Langston University, that requires earlier delivery. In the instances of some special orders received from customers on the respondent's route, the goods to fill them are shipped by rail to the respondent at Guthrie, who, after paying the shipping charges, delivers them to their ultimate destination in his truck. Often, however, where such orders are large and the shipping charges thereon would be proportionately large, or where the order is received too late for the products specified therein to reach their destination by other means at the time desired by the customer, and where, as in case of the Langston delivery, respondent has other

reasons for so doing not connected in any manner with the packing company's business, he makes a second trip to Oklahoma City in the afternoon after completing his regular route, picks up the goods for said order, and before the end of the day delivers them either in his truck or the car he was driving when injured.

As indicated, the manner and methods employed by the respondent in performing his work are matters of his own choice. According to the undisputed testimony, all that W. H. Butcher Packing Company requires of the respondent by the agreement or contract under which he is now working is that its products be sold and delivered on his route. Although there is testimony to the effect that under his arrangement with said company, the respondent is obliged to try to keep its customers on his route satisfied, and that the company reserves the right to "fire" him if he conducts himself in a manner unbecoming a salesman of its merchandise, there is no evidence that any of its officers, agents, or employees either have or exercise the power to direct the manner in which the general objects of respondent's services are attained. (In this connection, see Sawin v. Nease, 186 Okla. 195, 97 P. 2d 27.) There is evidence to the effect that a short time before the accident in question the respondent was notified that said company wished to be relieved of shipping large orders for distribution on respondent's route, but the evidence overwhelmingly supports the conclusion that respondent's only direct responsibility to said company regarding the delivery of any of its products is to see that they are taken from its plant and delivered to its customers. The company exercises no control or supervision over respondent's activities in accomplishing this. A large portion of the time he has hired a young man or boy to help him load and unload his truck, and since respondent has been incapacitated by reason of the automobile accident, this work has been done by such an employee without assistance from him and under the supervision of his wife, who has conducted the route since that time, and has earned the same commissions from sales on it that respondent previously earned.

It will be seen from the foregoing statement that the respondent is not a servant of W. H. Butcher Packing Company within the general rule that those rendering service, but retaining control over the manner of doing it, are not servants. In many respects the respondent's situation in the present case is similar to that of the contractors in the cases of Blackwell Cheese Co. v. Pedigo, 186 Okla. 159, 96 P. 2d 1043; Ellis & Lewis, Inc., v. Trimble, 177 Okla. 5, 57 P. 2d 244; Maryland Casualty Co. v. State Industrial Commission, 148 Okla. 204, 298 P. 275 (compare Modern Motors, Inc., v. Elkins, 189 Okla. 134, 113 P. 2d 969). And we think that the present case is so nearly analogous to Oklahoma Publishing Co. v. Greenlee, 150 Okla. 69, 300 P. 684, and Harrington v. H. D. Lee Mercantile Co., 97 Mont. 40, 33 P. 2d 553, that the decisions in those cases are highly persuasive if not controlling here. To demonstrate this we quote at length from the opinions in the latter cases. In the Oklahoma Publishing Company Case, supra, it was said:

". . . The respondent, in the performance of the work under the contract, used his own automobile truck, and hired two boys who rode on the sides of the car, and either delivered or threw the papers to the various subscribers of the Oklahoma Publishing Company. There was no route mapped out or designated for him to take, or as to how or where he should go. This was entirely left to respondent. Respondent was given a commission for what customers he could obtain, and was allowed a commission of 19 3/4 cents on each paper each week to each customer in addition to the $25 per week. He paid the boys for their work in assisting him in delivering these papers. After the injury, the respondent hired others to continue this work for him under the contract. . . ."

The facts stated by the court in the Harrington Case, supra, were as follows:

"From some time in 1926 until the date of the accident the defendant Thompson was a traveling salesman for the defendant company. . . . Thompson was assigned the northern part of Wyoming and southern part of Montana as his 'territory.' He solicited orders for the purchase of merchandise sold by the company upon prices charged and terms which it fixed. He had not the right to alter prices or to fix terms of sale or to extend credit. Upon acceptance of the orders the company sent the merchandise to the purchaser direct and itself collected the price therefor.

"Thompson owned and operated an automobile at his own expense. The company did not have any control over it. The company did not pay any of his expenses. Thompson's compensation was based wholly upon commissions computed on the orders he solicited and which the company honored; nor were any commissions advanced to him. He was expected to cover the territory and sell a certain amount of merchandise during the year, but he was not given any directions as to his course. He pursued his own itinerary and canvassed his territory as he pleased. . . . If requested by the company to go to any certain point, he would follow their suggestion at his early convenience, but he followed his own pleasure in his solicitation of orders. . . ."

The conclusion of the court as to the status of Thompson's employment in the above case was as follows:

"Clearly, the relation of master and servant did not exist between the company and Thompson. Those rendering service but retaining control over the manner of doing it are not servants. An agent who is not subject to control as to the manner in which he performs the acts which constitute the execution of his agency is in effect an independent contractor."

This court's decision in the case of Beatrice Creamery Co. et al. v. State Industrial Commission et al., 174 Okla. 101, 49 P. 2d 1094, cited on behalf of respondents, is not controlling upon the question of Hixon's relationship to W. H. Butcher Packing Company. In that case we recognized that the method by which a person is compensated is not decisive where "superior control and direction of the manner, method, and time of performance of the work is retained by the party paying such compensation, . . ." but as we have seen, the latter element does not exist in the present case.

We realize that the line of demarcation between an independent contractor and a servant is not always clear, and that each case must be determined by its own facts (E. A. Liebmann Ice Co. v. Moore, 186 Okla. 216, 97 P. 2d 37), but we believe that under the facts of this case the respondent Hixon is obviously an independent contractor within the meaning of that term as previously defined by this court. See Oklahoma Publishing Co. v. Greenlee, supra.

The only difference worthy of mention between the facts of the latter case and the present one is that there the respondent did no work in or around the plant of the Oklahoma Publishing Company, while here it was respondent's custom when he drove his truck to the packing company's plant each morning to assist the employees of said company in preparing for delivery and loading, not only the products necessary to fill the orders of customers on his route, but those ordered by other customers of the company. Such work, of course, was under the direction and supervision of the company. The uncontradicted evidence, however, was to the effect that in performing same respondent was a mere volunteer. He received no remuneration for such service and there was positive proof to the effect that under his arrangement with the company he was in no manner obligated to perform such services. While it is true that when first called to the witness stand respondent testified that such work was a part of his duties, after this was positively contradicted by Mr. W. H. Butcher, an officer and partner in the packing company, he then testified merely that he had always "considered" it his duty and admitted that perhaps the real reason he had helped with the filling of other orders and loading of other trucks was that it enabled him to get his own orders filled and his own truck loaded sooner than could other-

wise have been done. It is perhaps true, as some of the testimony indicates, that had the company's salesmen not assisted in the preparation and loading of its products for delivery, said company would have been obliged to employ other men for this purpose or its deliveries would have been delayed, yet, as under the evidence, the respondent was not employed nor paid for such work and under his contract with said company was under no obligation to do it, the fact that he did it gratuitously and on his own initiative is insufficient to constitute him an employee of said company. Nor do we think that such a result is accomplished by the fact that the company carried unemployment insurance and paid social security taxes on the respondent or the further fact that before, as well as since, respondent began work under his present agreement with the company he has gratuitously and of his own free will performed tasks for it not contemplated in' said agreement.

In view of our conclusion that the respondent Hixon is an independent contractor, rather than an employee of the petitioner W. H. Butcher Packing Company, he does not come within the provisions of the Workmen's Compensation Law, and it is unnecessary to consider other propositions urged on behalf of the petitioners.

Award vacated.

WELCH, C. J., and RILEY, OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and BAYLESS, J., absent.