## WESTERN PAVING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 20221. Opinion Filed Jan. 28, 1930.

Commissioners' Opinion, Division No. 2.

A. J. Follens, for plaintiffs in error.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for defendants in error.

DIFFENDAFFER, C. Claimant, T. L. Ward, received certain injuries while engaged in drilling holes in rock at a rock quarry for the Western Paving Company. The injury was to his eye. He was disabled for a period of six days. The claim was for one day's compensation and for medical care. The award was $3 for claimant's injury, and $26 for Dr. A. S. Riddle, who treated claimant for the injury. There is no controversy as to the amount of the award. Liability is denied wholly upon the ground that claimant was not an employee of the Western Paving Company at the time he received the injury. The claim is that he was an independent contractor.

The facts, as disclosed by the record, are, in substance: That claimant was employed by the paving company about January, 1928, to operate a drill at the company's rock quarry; his wages were 40 cts. per hour. He worked under this arrangement until some time in March. At that time his employer told him that they wanted him thereafter to do the work by the foot. He was to be paid 75 cts. per foot for each hole drilled. The company furnished the machinery and equipment, which consisted of a "homemade" drilling machine, operated by a gasoline engine mounted upon a two-ton Nash truck, which was kept in repair by the company. Claimant furnished the gasoline and oil for the operation of the machine. One helper was necessary and was employed by the company and paid by it, but his pay was deducted from the 75 cts. per foot. The company did not direct claimant, as to his hours of work, when he should commence or when he should quit. There were no specifications as to the holes to be drilled, where each hole was to be drilled and as to the depth thereof. When it became necessary to move the rig from one location to another, the company assisted in moving the rig. It was while moving the machine from one location to another that claimant was injured. The truck was being moved up a steep incline. A "block and tackle" was being used to assist in pulling the truck up the incline, and while claimant went to hold the block on the rear and side, the wheel of the truck spun or skidded, throwing several fine particles of stone in claimant's eye.

Petitioners cite and rely upon three cases by this court to uphold their contention that claimant was an independent contractor and not an employee, within the meaning of the Workmen's Compensation Act. They are: Wagoner v. A. A. Davis Construction Co., 112 Okla. 231, 241 Pac. 618; Southern Construction Co. v. State Ind. Com., 112 Okla. 248, 240 Pac. 613, and Morely v. McCaskey, 134 Okla. 50, 270 Pac. 1107.

The first two are Workmen's Compensation cases, and employ the oft-repeated definitions of an independent contractor:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer except as to the result of the work."

There is no fault to be found with this definition, nor with its application in the cases cited, but a comparison of the facts with those in the instant case will show a

marked difference. There the claimants were employed to haul gravel for highway construction. They owned and operated their own trucks; hired their own help; were paid a certain sum per cubic yard; and were under no direction whatever from their employer and were in no way under his control, except as to the result of the work, that is, the delivery of the gravel. In Wagoner v. Davis Const. Co., as reasons for holding claimant an independent contractor, it was said:

"The record discloses that the claimant himself employed two men; that he owned the three trucks he was operating; that he exercised absolute control over his employees who were operating two of the trucks; that neither A. A. Davis & Company nor J. M. Howell, the subcontractor, exercised any control whatever over the claimant* * *or their work; that the respondent neither hired, discharged, nor paid these employees of claimant; that claimant was paid so much per yard for the amount of gravel placed by him upon the highway; that claimant and his men commenced and quit work when they chose and that all the machinery and implements with which the work was performed were furnished by claimant."

In Southern Construction Co. v. State Ind. Com., supra, the reasons for holding claimant an independent contractor were:

"The evidence is that the Southern Construction Company employed the claimant to deliver gravel on a road construction job for 20 cents per ton per mile as his compensation. It appears that the claimant owned a truck and was at liberty to drive the truck or employ anyone under his control and direction to perform the same service in delivering the gravel. The construction company was not obligated to exercise any control over the claimant or his driver in the method and manner employed in the performance of the service. The construction company owed no duty to inspect the truck and maintain the same in proper repairs."

Morely v. McCaskey, supra, is a mechanic's lien case and seems to have but little if any bearing on the instant case, except perhaps a quotation therein from Vane v. Newcombe, 132 U. S. 220, as to what constitutes an "employee," wherein it was said:

"We think the distinction pointed out by the circuit court is a sound one, namely, that to be an employee within the meaning of the statute Vane 'must have been a servant, bound in some degree at least to the duties of a servant, and not', as he was, 'a mere contractor, bound only to produce or cause to be produced a certain result—a result of labor, to be sure—but free to dispose of his own time and personal efforts according to his pleasure, without responsibility to the other party.' "

An examination of the case quoted from will disclose a state of facts very similar to those in Wagoner v. Davis Const. Co. and Southern Construction Co. v. State Ind. Com., supra.

The facts here are quite different. They differ from the Vane Case, supra, in that claimant was not, as there, free to dispose of his own time and personal efforts according to his own pleasure. On this point, claimant testified:

"Q. You was your own boss, you come when you pleased and quit when you pleased? A. They wanted me to work all the time."

So, in the prosecution of the work, claimant was required to give his personal attention thereto. He was not free to hire or employ some one to run the drill for him. He was not free to hire his own helper, since the record discloses that the paving company employed the helper, kept his time and paid him by their check, deducting the amount thereof from the 75 cts. per foot. An independent contractor is always free to select his own help or employees. Furthermore claimant was under the direction of the company as to when and where to move the machinery; that is, when a hole had been drilled to the depth required by the company, the company's foreman directed where the machinery should be moved to next. And it was in this particular work that claimant was injured. True, there is testimony in the record to the effect that it was claimant's duty to move the machinery. but it was moved at the direction of the company. There was no contract to drill a certain number of holes to a certain depth, so as to allow claimant to move the machinery where and when he chose.

We think it is immaterial whether claimant was paid by the hour, day, or by the foot for his work.

In Hamilton et al. v. Oklahoma Trading Co. et al., 33 Okla. 81, 124 Pac. 38, where the Oklahoma Trading Company agreed to pay two negroes $3 to truck a carload of flour from the sidewalk into the company's store, using the company's truck, where there were no specifications in the contract, and where no directions were given for or during the performance of the contract, the $3 being paid solely in consideration of the manual labor in moving the flour, it was held that the negroes were servants and not independent contractors, though the contract was for a specific sum for a specific result to be

achieved, and without any directions or supervision by the employer. See, also, O'Neill v. Blase, 94 Mo. App. 648, and Holmes v. Ry. Co., 49 La. Ann. 1465, 22 So. 403. Here we think claimant was being paid solely for his manual labor in operating the drill, and that he was an employee, within the meaning of the Workmen's Compensation Act.

The petition for review should be denied, and the award affirmed.

BENNETT, HERR, JEFFREY, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1916A, pp. 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206; 28 R. C. L. p. 762; 3 R. C. L. Supp. p. 1593; 4 R. C. L. Supp. p. 1847; 6 R. C. L. Supp. p. 1748; 7 R. C. L. Supp. p. 1001.