ANDERSON et al. v. REEVES et al.

No. 22120. Opinion Filed June 30, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

E. W. Schenk, for respondent.

Brown & Brown, for L. D. Gandy.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission made and entered on the 6th day of February, 1931. The award appears at page 62 of the record, and is as follows:

"(1) That claimant Orvia Reeves, sustained an accidental personal injury arising out of and in the course of his employment with respondent, L. D. Gandy, who was hired by Abe Kaufman, drilling contractor for the Anderson firm, to haul drilling equipment, paying respondent, L. D. Gandy, $25 per day for himself and truck; L. D. Gandy, in turn, paid the claimant, Orvia Reeves $2 per day to help him.

"(2) That while claimant was cleaning a tank, some rust or metal flew into his eye, later he became totally blind on account of infection, having eyeball enucleated; that accident occurred on the 9th of July, 1930.

"(3) That claimant's average daily wage at the time of the injury was $2.

"The Commission is of the opinion: By reason of said aforesaid facts, that claimant is entitled, under the law, to compensation at the rate of $8 per week for 100 weeks, computed from the 9th day of July, 1930, less the five-day waiting period, being $800, and that Nettie H., Charles, and Wilmer Anderson are the respondents in this cause, and that L. D. Gandy should be reimbursed for all monies he has expended in this cause on account of claimant's disability, and that all medical expense should be paid by respondent aforementioned, or its insurance carrier, U. S. Fidelity & Guaranty Company.

"The Commission is of the further opinion: That respondent, L. D. Gandy, was not

162

the respondent in this cause on the 9th day of July, 1930.

"It is therefore ordered: That within 15 days from this date, respondent, Ne tie H., Charles and Wilmer Anderson, pay to claimant, Orvia Reeves, the sum of $800 being compensation at the rate of $8 per week, for the loss of left eye, computed from the 9th day of July, 1930, less the five-day waiting period, to reimburse L. D. Gandy for all monies expended on account of said injury, pay all medical expense incurred by claimant on account of said injury.

"It is further ordered: That L. D. Gandy be and he is hereby relieved from any and all liability herein.

"It is further ordered: That within 30 days from this date, the respondent, Nettie H., Charles and Wilmer Anderson, or its insurance carrier, United States Fidelity & Guaranty Company, file with this Commission proper receipt or other report, evidencing compliance with the terms of this order."

Proceeding to review this award was instituted by the United States Fidelity & Guaranty Company, and by Nettie H., Charles, and Wilmer Anderson, but the respondent, L. D. Gandy, one of the respondents below, having been relieved of liability, does not appear to have asked for a review of the findings, though there is a brief on his behalf in the files.

The petitioners, Nettie H., Charles and Wilmer Anderson, and the United States Fidelity & Guaranty Company, in their reply brief, specifically claim that Gandy was an independent contractor, though in their original brief it is stated that L. D. Gandy was in the employ of the petitioners, Nettie H., Charles and Wilmer Anderson, and the United States Fidelity & Guaranty Company, this latter statement being found on page one of the original brief.

The original brief of the petitioners apparently stresses the fact that the claimant was the only employee of L. D. Gandy, and proposition one is that there is no evidence to show that the relation of master and servant existed between the petitioners and the claimant, and beginning with page two of the brief, the argument is so made on proposition one, but a subsequent proposition does not appear in the original brief, the position taken in the latter portion of the brief being that the claimant was not an employee of the petitioners, and was the only employee of Gandy.

The statement is made at page 13 of the brief that the undisputed evidence shows that the claimant was the only employee employed by L. D. Gandy, and that Gandy could not be liable for his compensation, be-cause Gandy hired less than two men, and the brief is finally based on two propositions, one being that the claimant was not an employee of the petitioners, and the other being that he was an employee of Gandy, but that, owing to the fact that Gandy had only one employee, the Laborer's Compensation Law did not apply.

The claimant filed a brief dividing his argument into three propositions, the first being that the burden of proof was on the employer to establish facts constituting a bar to compensation. On page one of that brief, under proposition one, we find the following:

"If L. D. Gandy was an independent contractor, then certainly the petitioners are not responsible, but if he was merely a servant of the petitioners, then the judgment of the Industrial Commission should be affirmed."

Several authorities are cited to establish the fact that the relationship of Gandy to the petitioners was that of employer and employee, and also as tending to establish the truth of proposition one, and the evidence of Gandy, saying that his was day work and not that of a contractor, is strenuously relied upon as proving that Gandy was an employee, and it is strenuously insisted that the Commission found that Gandy was not an individual contractor, but a servant of the petitioners.

The second proposition of the brief of the claimant here is that a finding by the Industrial Commission, where there is any competent evidence to support the same, is binding upon this court, and insistence is made that the question of an independent contractor is a mixed question of law and fact, and the argument is made that the findings of fact in this case, of the Commission, upon that relationship, are conclusive, and decisions of this court are cited on the subject.

The third proposition of the claimant, as set forth in his brief, is that the evidence shows that Gandy was a servant, and not an independent contractor, and various tests to ascertain this relationship, as laid down by the courts, and several authorities are cited on this proposition.

Most of the cases cited go off on the proposition of the right of control, and also the power of terminating a contract without liability. An effort is made to draw the analogy of the case here to the cases cited. One of the main cases relied upon is that of Federal Mining & Smelting Co. v. Thomas, 99 Okla. 24, 225 Pac. 967. Also a case

from California of York Junction Transfer & Storage Co. v. Industrial Accident Commission of California, 261 Pac. 704, is ci..ed, and also the federal case of Atlantic Transportation Co. v. Coneys, 28 C. C. A. 388, 82 Fed. 177, and the conclusion of the brief is that the burden rested upon the petitioners to establish the independent contractor's relationship of Mr. Gandy, and that the findings of the Industrial Commission should not be disturbed.

A reply brief of petitioners has been filed, in which the position is taken that Mr. Gandy was an independent contractor, and his evidence is cited to prove that, and to establish the relationship to be that of independent contractor, and a case is cited which is an industrial case. It is the case of Producers' Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 738. Also, the recent case of Maryland Casualty Co. v. State Industrial Commission, 148 Okla. 204, 298 Pac. 275, is cited. The case of Wes*ern Paving Co. v. State Industrial Commission, 141 Okla. 140, 284 Pac. 304 is cited to show that it is immaterial as to whether the payments were by the foo*, or by the hour, or by the day. At page seven there is a discussion as to whether the liability is primary or secondary, but the point is mad? that, as Gandy only employed one man, he was not under the Laborer's Compensation Law at all. The case of Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303, is cited and quoted from at length.

In the midst of this authority, we are called upon to examine this case in the light of its own admitted facts. It is evident in this case that L. D. Gandy owned the truck, and that the petitioner, Wilmer Anderson, had a tank that was hauled from the W. C. Gin, about 18 miles north of Healdton, to Anderson's lease. (See pages 37 and 39 of the transcript.)

It is fur:her admitted in the case that the only employee of Gandy was the claimant, and with reference to hiring him or controlling him in any manner, that the owner of the tank had nothing whatever to do.

It is further evident from the adm'tted facts in this case that the owner of the tank had nothing to do with the details of the moving or handling of the tank. He merely hired the owner of the truck to furnish the truck and haul the tank, and the agreed price of moving the tank was $25 a day for the time it would take.

Under the law it required the employment of at least two men to bring the occupation within the provisions of the Laborer's Compensation Law, and it appears in this case that it was a simple job of hauling a tank from one place to another, and the owner of the tank had no control over the movement of the truck or anything to do with it, except to pay for the work when it was done.

This case clearly comes within the former decisions of this court, which forbid the allowance of compensation in this case. Among others is the case of Producers' Lumber Co. v. Butler, 87 Okla. 172, 209 Pac. 738, under which Gandy, in this case, was an independent contractor. It is conceded in the brief of the claimant that if this is true, there was no liability on the part of the petitioners.

Another instructive case from our own court is the case of Western Paving Co. v. State Industrial Commission, 141 Okla. 140, 284 Pac. 304. This case defines what is an employee, and the other defines what is an individual contractor. Tested by the rules laid down in these cases, it is clear in this case that Gandy was an independent contractor, and that the work he was engaged in doing at the time of the accident was not work that comes within the provisions of our Workmen's Compensation Law.

The award of the Commission below is set aside. It appearing that all the evidence bearing on the point that could probably be introduced has been introduced, the Commission is directed to vacate the award, and dismiss the proceedings.

HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., dissents. LESTER, C. J., and RILEY and CULLISON, JJ., absent.