## PORTER CONSTRUCTION CO. et al. v. BURTON et al.

No. 22712. Opinion Filed Feb. 16, 1932.

Rehearing Denied March 29, 1932.

A. J. Follens and Clayton B. Pierce, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., C. B. Stuart, E. J. Doerner, and B. A. Hamilton, for respondents.

RILEY, J. This is an original action filed in this court to review an award made by the State Industrial Commission in favor of respondent Harvey Burton, herein referred to as claimant, against petitioners Porter Construction Company, employer, and Southern Surety Company, insurance carrier.

Two questions are presented: The first is whether claimant was an employee of petitioner Porter Construction Company within the meaning of the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282 et seq., as amended) or an independent contractor. The second is, If claimant was such employee, whether or not the injury sustained arose out of and in the course of such employment.

The Industrial Commission found that claimant was such employee. Ordinarily this finding would be binding upon the court, and particularly so if there was a conflict in the evidence.

There is little if any essential difference between the relationship of claimant and the Porter Construction Company, and that of the claimant and the alleged employer in the case of Maryland Casualty Co. v. State Indus. Comm., 148 Okla. 204, 298 P. 275.

Porter Construction Company was engaged in laying pavement in the city of Tulsa. In prosecuting the work it was necessary to haul cement, sand, and gravel from the yards of the Porter Construction Company over the streets of Tulsa to a concrete mixer, a distance of about two miles. Claimant owned his own truck and with others was hauling cement, sand, and gravel for the construction company. At the loading and unloading places employees directed claimant where to place his truck. The loading and unloading of the trucks was done by employees of the construction company.

Claimant was paid 40c per load, the pay being based upon the distance of the haul, 25c for the first mile and 15c for each additional mile for each load. The foreman of the construction company directed claimant where to go for the material and whether to load with cement, sand or gravel. Claimant was required to work when the mixer was being operated. That is, he was required to go to work at about seven o'clock a. m., was directed when to quit for the noon hour and how long and when to quit at the end of a day's work. A certain route was designated over which to haul, but this was only for the purpose of determining the distance of the haul. Claimant was at liberty to choose another or longer route, but his pay would be allowed only for the distance of the designated route. Claimant used his own truck, kept it in repair, and was at liberty to operate the truck himself or to employ another to do so.

While going from the yards to the mixer with the load, his truck collided with an automobile being driven by a party not connected with the work, and was overturned, resulting in injury to claimant's hand, by which he was temporarily totally disabled.

In principle this case comes almost squarely within the rules announced in Maryland Casualty Co. v. State Indus. Comm., supra; Southern Construction Co. v. State Indus. Comm., 112 Okla. 248, 240 P. 613, and Wagoner v. A. A. Davidson Const. Co., 112 Okla. 231, 240 P. 618.

In Maryland Casualty Co. v. State Indus. Comm., supra, claimant was required to work while crusher was in operation. Here he was required to work while the mixer was being operated. The control or direction to which claimant was subject went directly to the result or product of the work.

Claimant cites Western Paving Co. v. State Indus. Comm., 141 Okla. 140, 284 P. 304, as sustaining his contention that his claim comes within the Workmen's Compensation Law, but the facts in that case were entirely different. The machinery that the claimant was there using was owned and maintained by the employer; his helper was selected and paid by the employer, and claimant was not at liberty to discharge such helper, and the claimant was at all times required to be personally on the job when the machine was being operated. It was there held, and the record showed, that the personal service of the claimant was what the employer required and was the chief consideration for the employment. It is true that it was there held that the method of

determining the amount of his pay was not controlling. But that case is clearly distinguishable from the one here under consideration.

Under the uncontradicted evidence, we hold that claimant was an independent contractor and not an employee within the meaning of the Workmen's Compensation Law.

This renders it unnecessary to consider the other question presented.

The award should be, and is hereby vacated and set aside.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C .J., and CULLISON, J., absent.