William Douglas MILLER, Petitioner,

v.

STEELMAN CONSTRUCTION COMPANY, Insurors Indemnity and Insurance Company, and the State Industrial Commission, Respondents.

No. 36328.

Supreme Court of Oklahoma.

April 19, 1955.

Original proceeding brought by William Douglas Miller to review an order denying Compensation on a claim filed against his employer, Steelman Construction Company, and its insurance carrier, Insurors Indemnity and Insurance Company. Order sustained.

Howard C. Triggs, Frank Grayson, Oklahoma City, for petitioner.

Savage, Gibson, Benefield & Shelton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

This is a proceeding by William Douglas Miller to review an order of the State Industrial Commission denying compensation on a claim filed against respondent, Steelman Construction Company and its insurance carrier, Insurors Indemnity and Insurance Company.

The trial commissioner denied compensation on the theory that petitioner was not an employee of respondent at the time he sustained his injury, but was an independent contractor.

It is the contention of petitioner that the order is not sustained by the evidence and is contrary to law.

The evidence discloses that in the early part of March, 1952, petitioner who was then the owner of a dump truck was engaged by respondent to haul asphalt for use in the construction of a highway. Petitioner was to be paid compensation on a per mile per ton basis, mileage for the purpose of fixing compensation to be computed on the miles necessary to travel by use of the shortest available route. He was, however, not directed or required to use any particular route. On April 16, 1952, while en route with a load of asphalt one of the tires of his truck blew out and the truck turned over, causing severe damage to both petitioner's feet.

It is contended by petitioner that the evidence shows that the relation of master and servant existed between the parties rather than that of principal and independent contractor. In support of this contention he refers to the following evidence: Petitioner was directed by respondent as to where and at what place to load the asphalt; he was directed and required to drive his truck under a hopper at respondent's plant where it was loaded by another employee of respondent by the use of a mechanical device. After he arrived at his destination he was directed by the foreman to unload the asphalt at a particular designated place. He was directed and required to keep the top of the truck covered with a tarpaulin in order to protect the asphalt. The evidence further shows that such covering was required by the State Highway Department in order to keep the asphalt from cooling too rapidly and to protect it in case of rain. He was also told by the foreman not to travel too fast or too slow in order to protect the hot asphalt placed on the highway.

We do not think the evidence sufficient to definitely establish that the relation between the parties was that of master and servant rather than principal and independent contractor. In Williams v. Branum, 192 Okl. 129, 134 P.2d 352, 353, we held:

"One who contracts with another to haul gravel at a specified amount per ton, who used his own truck and was free from a supervision, except as to place and time of hauling, held, Independent Contractor and not within the purview of Workmen's Compensation Act."

See, also, Johnson v. Haskell Lemon Const. Co., Okl., 262 P.2d 142.

In Hawk Ice Cream Co. v. Rush, 198 Okl. 544, 180 P.2d 154, and cases therein cited, we held:

"An independent contractor is one who engages to perform a certain service for another, according to his own manner and method, free from the control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work."

The directions and requirements of respondent above referred to related merely to the result or product of the work rather than the method by which the work was to be performed. An independent contractor is always subject to the direction of the principal as to result or progress of the work as distinguished from the method to be used in its performance. Wagoner v. A. A. Davis Const. Co. 112 Okl. 231, 240 P. 618; Porter Const. Co. v. Burton, 156 Okl. 72, 8 P.2d 64.

There is no evidence tending to show that respondent at any time exercised control over the time in which petitioner

742

should report for work or the hours he should work or as to the number of trucks he should use or the number of loads he should haul a day, or in any way exercised control over any employee hired by petitioner to drive the truck, or in any way exercised control over the method in which the work should be performed. Counsel for petitioner further assert that respondent exercised the right to require truckmen to do extra work and extra hauling at any time it so desired. There is no evidence tending to sustain such assertion. There is evidence to the effect that respondent on different occasions offered to employ various truckmen to do extra work. Some of them accepted such offer, others declined. There is no evidence, however, that any truckman was ever discharged by reason of having refused such offer. The evidence does show that on one occasion it offered to and did engage petitioner to do extra work for which it agreed to pay him $3.00 per hour. Petitioner accepted such offer, performed such work and accepted the compensation agreed upon without protest. There is no evidence that respondent claimed to have the authority to demand or require petitioner to perform such work. The matter was entirely at his option whether he would do so or not.

This contract had no connection with the contract for hauling asphalt. It was a contract separate and distinct from that contract and has no bearing whatever upon the question as to whether petitioner, while hauling the asphalt, was serving as an employee or an independent contractor.

Petitioner further asserts that respondent reserved the right to and did discharge truckmen at will. In this respect the evidence discloses that as a result of the accident occurring on the date above mentioned petitioner's truck was badly damaged and he was severely injured; that he was unable to drive a truck and continue hauling asphalt. He obtained another truck and hired his brother to drive the truck and haul the asphalt. He hauled asphalt for petitioner for a short time when the dump bed on his truck burst. He was off work for several days to have it repaired, and when he returned to work he was told by respondent's foreman that he could not use him, as he had all the trucks he needed. This is the only specific instance referred to in which it is claimed that respondent had ever discharged a truckman. This evidence, however, merely shows that for the reason above stated respondent terminated petitioner's contract. The contract was oral. No time for its existence nor the amount of asphalt that should be hauled was fixed by the contract. It was a contract at will and therefore subject to termination by either party at any time. The fact that respondent for the reason stated terminated the contract constitutes no evidence to show that in hauling the asphalt he was performing such service as an employee rather than as an independent contractor. Wagoner v. A. A. Davis Const. Co., supra.

There is little, if any, dispute as to the facts. The Commission found that at the time he sustained his injury petitioner was not an employee of the respondent, but was an independent contractor, and denied compensation. After considering and weighing the evidence we accept and approve that finding and order.

Order denying compensation sustained.