IMPERIAL PAVING COMPANY and the Western Casualty and Surety Company, Petitioners,

v.

Ross M. RUSSELL and the State Industrial Commission, Respondents.

No. 37454.

Supreme Court of Oklahoma.

March 5, 1957.

Looney, Watts, Looney, Hamill & Nichols, Oklahoma City, for petitioners.

Shapard & McConnell, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 13th day of October 1955, Ross M. Russell, respondent herein, filed a claim for compensation against Cecil Merrick, Imperial Paving Company and its insurance carrier, Western Casualty and Surety Company, in which he states that on September 23, 1955, while in the employ of Cecil Merrick or the Imperial Paving Company he sustained an accidental injury consisting of an injury to his back, right leg and hip causing some disability to his person.

In his original claim respondent alleged that the injury occurred on September 23, 1955. The evidence at the hearing, however, disclosed that the injury occurred on September 26, 1955. Respondent then upon permission of the trial commissioner amended his claim changing the date from the 23rd day of September to the 26th day of September 1955, to conform to the evidence.

The trial commissioner at the close of the evidence found that respondent was not in the employ of petitioner Imperial Paving Company at the time he sustained his injury and entered an order denying compensation.

The commission en banc found that both respondent and Merrick were employees of the petitioner, Imperial Paving Company at the time respondent sustained his injury and vacated the order and remanded the cause to the trial commissioner for further hearing. At that hearing the trial commissioner found that on September 26, 1955, respondent while in the employ of petitioner Imperial Paving Company sustained an accidental personal injury to his right knee and back; that as a result of said injury he was temporarily totally disabled from September 26, 1955, to February 10, 1956 for which he is entitled to compensation for 19 weeks and four days in the total sum of $550.67 and further found that by reason of said injury respondent sustained a ten per cent permanent partial disability to his right leg for which he is entitled to compensation in the sum of $490 being 17.5 weeks at $28 per week and entered an award against petitioner Imperial Paving Company and its

insurance carrier accordingly. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award and contend that respondent was not in the employ of Imperial Paving Company at the time he sustained his injury but was at that time in the employ of Cecil Merrick, who was an independent contractor.

The evidence discloses that at the time respondent sustained his alleged injury petitioner Imperial Paving Company was operating an asphalt plant at 410 N.W. Tenth Street, Oklahoma City, Oklahoma, and was then engaged in laying pavement at Tinker Field.

Cecil Merrick, who was then owner of two trucks equipped to haul asphalt entered into a contract with petitioner Imperial Paving Company to furnish his trucks and haul asphalt on a per mile per ton basis. Merrick hired respondent herein to drive one of the trucks and Mr. Johnson to drive the other for which he agreed to pay each of them one-third of the earnings of the respective trucks driven by them.

Petitioner Imperial Paving Company placed distinguishing marks on these trucks in order to distinguish the tonnage hauled by Merrick and the tonnage hauled by Johnson. Imperial Paving Company kept the records of the amount of tonnage hauled by each of these trucks and furnished Merrick a copy of the record showing the total tonnage hauled, from which record Merrick calculated the amount due each of his drivers under his contract with them. Petitioner Imperial Paving Company paid Merrick for the total tonnage hauled and Merrick paid his drivers.

The evidence shows that in hauling the asphalt, particles of asphalt would cling to the bed of the truck and that it was necessary to clean out the bed of the truck in order to prevent such occurrence. The bed of the truck was cleaned with diesel fluid. The fluid was furnished by petitioner Imperial Paving Company. On the 26th day of September 1955, while respondent was engaged in cleaning the bed of his truck he slipped

and fell, causing the injury stated in his claim. It is also shown by the evidence that petitioner Imperial Paving Company directed respondent as to the place where the asphalt should be loaded. He was directed to drive his truck under a hopper where it was loaded by an employee of petitioner Imperial Paving Company. Respondent was also given directions to the particular point at Tinker Field where the asphalt should be delivered and upon his arrival he was directed by the foreman in charge to unload the asphalt at a particular designated place. He was also directed by petitioner Imperial Paving Company to weigh the unloaded truck as well as the loaded truck on particular designated scales. The weigher then gave him tickets as to the weight which tickets he delivered to the foreman upon arrival at Tinker Field and from which tickets petitioner Imperial Paving Company made up the record above referred to. It is further shown by the evidence that on one occasion on the 23rd day of September 1955, respondent was directed by petitioner to use the truck driven by him to haul some sand. He was directed to pick up the sand at the railroad tracks and deliver it to a point designated by petitioner Imperial Paving Company. While performing this work he was completely under the control and direction of the petitioner Imperial Paving Company as to the manner in which the work should be performed. Petitioner Imperial Paving Company paid Merrick for his services $1.10 per hour and Merrick paid respondent. The evidence however discloses that respondent did not sustain his injury while engaged in hauling the sand but that he sustained the injury while engaged in cleaning the bed of the truck preparatory to hauling asphalt.

This, in substance, constitutes the evidence in the case. It is the contention of petitioner Imperial Paving Company as above stated that respondent at the time he sustained his injury was an employee of Merrick and not its employee; that it entered into a contract with Merrick to haul the asphalt upon a per ton per mile basis; that the relationship of principal and independent contractor existed between it and

Merrick rather than that of master and servant. We think this contention well taken. We have heretofore held that an independent contractor is one who engaged to perform a certain service for another, according to his own manner and method, free from the control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work. Miller v. Steelman Const. Co., Okl., 282 P.2d 740; Johnson v. Haskell Lemon Const. Co., Okl., 262 P.2d 142.

In Miller v. Steelman Const. Co., supra, the facts are very similar to the facts in this case. We there held that the relationship of principal and independent contractor existed between the parties rather than that of master and servant. In that case it appears that the workman was the owner of a dump truck and was engaged by the construction company to haul asphalt for the construction of a highway upon a per mile per ton basis. He was directed and required to drive his truck under a hopper at the plant where it was loaded by an employee of the construction company. He was directed by the foreman of the construction company to unload the asphalt at a particular designated place. He was directed and required to keep the top of the truck covered with a tarpaulin in order to protect the asphalt. He was also told by the foreman not to travel too fast or too slow in order to protect the hot asphalt placed on the highway. Referring to these directions the court there said [282 P.2d 741]:

"The directions and requirements of respondent above referred to related merely to the result or product of the work rather than the method by which the work was to be performed. An independent contractor is always subject to the direction of the principal as to result or progress of the work as distinguished from the method to be used in its performance. Wagoner v. A. A. Davis Const. Co., 112 Okl. 231, 240 P. 618; Porter Const. Co. v. Burton, 156 Okl. 72, 8 P.2d 64."

What is said there applies here.

There is no evidence in this case tending to show that petitioner Imperial Paving Company at any time exercised control over Merrick as to the time which he should report for work or the hours he should work or in any manner exercised control over the employees hired by Merrick or in any way exercised control over the method in which the work should be performed.

The directions given respondent above set forth referred only to the progress of the work rather than to the method by which it should be performed.

■ Respondent, however, states that the evidence above set forth as to the directions given respondent by petitioner Imperial Paving Company while he was engaged in hauling the sand and the control exercised over him taken in connection with the other evidence in the case establishes that respondent was then an employee of Imperial Paving Company rather than of Merrick and that the evidence taken as a whole is sufficient to sustain the award of the State Industrial Commission. We do not agree. The contract for hauling the sand has no connection with the contract for hauling asphalt. It was a contract separate and distinct from that contract and has no bearing whatever upon the question as to whether respondent was an employee of Merrick or Imperial Paving Company at the time he sustained his injury. See, in this connection, Miller v. Steelman Const. Co., supra.

Counsel for respondent in their brief assert that respondent while engaged in hauling the asphalt was under the direction of petitioner Imperial Paving Company as to time which he should report to work and as to the hours he should work. The record does not sustain such assertion. Respondent testified that he was required to report to work at 6:30 in the morning and continued to work until 5:30 in the afternoon; that Mr. Johnson told him so. Mr. Johnson, however, was not an employee of petitioner Imperial Paving Company but was an em-

ployee of Merrick. It will therefore be noted that the directions given respondent as to the hours he should work and the time he should report to work came from an employee of Merrick and not from petitioner Imperial Paving Company.

 The evidence shows that Merrick did not carry compensation insurance for his employees; that on the 26th day of September, 1955, the date respondent sustained his injury, Merrick had in his employ two employees. The award should therefore have been primarily against Merrick and secondarily against Imperial Paving Company and its insurance carrier as provided by 85 O.S.1951 § 11.

Award vacated for further proceedings in accordance with the views herein expressed.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.