HUNTER CONSTRUCTION COMPANY, a corporation, and Utilities Insurance Company, a corporation, Petitioners,

v.

Roy MARRIS and the State Industrial Court, Respondents.

No. 40287.

Supreme Court of Oklahoma.

Dec. 20, 1963.

**6**

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for petitioners.

Wallace & Bickford, Ardmore, for respondents.

BERRY, Justice.

On January 17, 1962, the respondent herein, Roy Marris, filed a claim for compensation against Eugene Phillips, wherein he stated that on December 20, 1961, he suffered an accidental injury arising out of and in the course of his hazardous employment with Eugene Phillips, consisting of an injury to his back. Thereafter, on February 28, 1962, he, through his attorneys, filed an amended claim in which the same allegations were set forth, except the petitioner, Hunter Construction Company, was added with Eugene Phillips as an employer.

The trial judge at the close of the evidence, and the Court en banc on appeal, found that both respondent, Roy Marris, and Phillips were employees of petitioner; holding Phillips as being the agent and servant of petitioner for the purpose of securing a truck driver acceptable to petitioner to drive Phillips' truck.

Petitioners bring the case here for review on the sole proposition that there is no evidence to support the finding of the Industrial Court that a relationship of master-servant or employer-employee existed between the respondent and the petitioner, Hunter Construction Company.

■ The issue presented concerns the judgment of the State Industrial Court. In such cases this Court will not accept the findings of the Industrial Court as conclusive, but will review the evidence and make independent findings and conclusions of law upon this issue. See McAlester v. Tooman, (Okl.) 338 P.2d 1083 and authorities therein cited.

The record discloses that on December 20, 1961, respondent Marris sustained an accidental personal injury to his back while lifting a covering tarp. This tarp was for covering hot asphalt he was then engaged in hauling, on a truck owned by Eugene Phillips, from petitioner Hunter Construction Company's asphalt plant west of Davis, to an asphalt resurfacing job being done by Hunter on Highway 77 near Davis.

Phillips, the owner of two trucks, had entered into a contract with Hunter to furnish his trucks, together with drivers, and haul asphalt on a per-ton per-mile basis. Phillips hired respondent, Roy Marris, to drive one of the trucks, paying him at the rate of $1.50 per hour. Phillips drove the other truck except for one or two periods when it was driven by Billy Marris.

It is further disclosed by the record that petitioner Hunter directed respondent to where the asphalt was to be loaded as well as to where it was to be unloaded. There is some evidence to the effect that should the petitioner be dissatisfied with the respondent he could discharge him by complaint to Phillips.

Based upon the evidence as above set forth, it is contended by petitioners that respondent was solely the employee of Phillips, and the relationship that existed between Hunter and Phillips was that of principal and independent contractor. With this contention we are constrained to agree.

The cases discussing the law of independent contractors are legion, and an argument easily obtained on the question whether, in a given situation, the person in question is a servant or an independent contractor; yet when such cases are reduced to their decisive substance, we find that the crux of the entire controversy is whether the employer had the right to control, or purported or attempted to control, the manner of the doing of the job by the alleged servant, which resulted in the injury. If he did have that right or exercised it regardless of his right to exercise it, then the relationship is that of master and servant; if he did not have that right, and did not exercise such right but had only the right to demand specified results, the relationship is that of independent contractor and contractee.

■ Thus this Court has held, and is committed to the general rule that an independent contractor is one who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result or product of the work. Miller v. Steelman Construction Co., Okl., 282 P.2d 740; Imperial Paving Company v. Russell, Okl., 308 P.2d 278.

The facts in the case of Imperial Paving Company v. Russell, supra, are not only similar to but almost identical with the facts in the instant case. In that case one Cecil Merrick was the owner of two trucks equipped to haul asphalt. He had a contract with the Imperial Paving Company to haul asphalt for highway construction on' a per-mile per-ton basis. He had hired a

driver for each truck, agreeing to pay each for his labors one third of the earnings of the truck driven by them. Imperial placed distinguishing marks on each truck to distinguish the tonnage hauled by each truck. Imperial kept the record of each truck and furnished Merrick a copy of the record from which he calculated the amount due each of his drivers. Imperial paid Merrick and he, in turn, paid his drivers. Russell, the injured driver, was directed where the asphalt should be loaded. He was directed and required to drive his truck under a hopper where it was loaded by an employee of the construction company. He was directed to a particular point where the asphalt was to be delivered, and upon arrival was directed by the foreman of the construction company to unload the asphalt at a particular designated place. He was also directed by Imperial to weigh the unloaded truck as well as the loaded truck on particular designated scales. He was given tickets as to the weight, which tickets he delivered to the foreman at the designated delivery point. Based upon that evidence, this Court followed the rule set forth in Miller v. Steelman Construction Company, supra, and held that the relationship of principal and independent contractor existed between the parties rather than that of master and servant. As it was stated by this Court in both the cited cases, we again restate here,

"The directions and requirements related merely to the result or product of the work rather than the method by which the work was to be performed. An independent contractor is always subject to the direction of the principal as to result or progress of the work as distinguished from the method to be used in its performance. Wagoner v. A. A. Davis Const. Co. 112 Okl. 213, 240 P. 618; Porter Const. Co. v. Burton, 156 Okl. 72, 8 P.2d 64."

■ We find no evidence in the instant case that Hunter retained the right to control and restrict the work of claimant, or that such control, supervision and direction over the method of accomplishing the work was exercised by petitioner Hunter or his agents. The only directions given by Hunter either to Phillips or his employee the respondent, related specifically to the progress of the work.

■ Although it is strongly urged by respondent that Hunter had the right to discharge him at any time his work was unsatisfactory, and had complete control over the method and manner by which the work was to be performed, we cannot agree that such argument is borne out by the record. To say that the contractee retains the right to complain to the contractor with reference to contractor's driver, which could result in a termination of the contract or discharge of the driver, is not to say that that contractee retains the right of directing how, or in what manner, the contractor or his driver actually shall perform the services. It is an elemental principle of law which should not require citation of authorities, that the employer may direct the particular result to be achieved without thereby making a servant of the other party, so long as he neither retains the right nor attempts to control the manner in which the result is achieved.

■ We can only conclude that Marris was an employee of Phillips and not an employee of Hunter Construction Company. Therefore, unless 85 O.S.1961 § 11 is applicable in the instant action, the State Industrial Court had no jurisdiction to enter an award in favor of Marris against Hunter Construction Company.

Accordingly, the award is vacated and the case remanded to the State Industrial Court for further proceedings to determine if 85 O.S.1961 § 11, is applicable in the instant case, and make a proper determination and finding thereon, together with any other findings and/or conclusion necessary or appropriate as may be warranted by such further proceedings.

We can only conclude that Marris was an employee of Phillips and not an employee of Hunter Construction Company. There-

fore, unless 85 O.S.1961 § 11 is applicable in the instant action, the State Industrial Court had no jurisdiction to enter an award in favor of Marris against Hunter Construction Company.

Accordingly, the award is vacated and the case remanded to the State Industrial Court for further proceedings to determine if 85 O.S.1961 § 11, is applicable in the instant case, and make a proper determination and finding thereon, together with any other findings and/or conclusion necessary or appropriate as may be warranted by such further proceedings.

BLACKBIRD, C. J., and HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, J., dissents.