SMITH BROTHERS ROAD CONSTRUC-
TION CO., and Hartford Accident and
Indemnity Co., Petitioners,

v.

Lonnie Clinton PALMER and Harrison-Gibbs
Trucking Co., and the State Industrial
Court, Respondents.

No. 40299.

Supreme Court of Oklahoma.

Feb. 11, 1964.

Covington & Gibbon, Tulsa, for petitioners.

Frank R. Hickman and Charles A. Whitebook, Tulsa, for respondent, Lonnie Clinton Palmer.

IRWIN, Justice.

Smith Brothers Road Construction Company and its insurance carrier, Hartford Accident and Indemnity Co., brought this proceeding to review an award of the State Industrial Court in favor of Lonnie Clinton Palmer, hereinafter referred to as claimant. For the reasons hereinafter set forth, the controlling issue is the relationship between Smith Brothers Road Construction Company, hereinafter referred to as petitioner, and the claimant on the date of the accident. Petitioner contends claimant was an independent contractor while claimant contends he was an employee of petitioner.

Since the State Industrial Court would not have jurisdiction of the claim against petitioner unless the relationship of employer-employee existed between petitioner and claimant; and, since this Court will not accept as conclusive the findings of fact of the State Industrial Court concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings concerning jurisdiction; we will weigh the evidence relating to the relationship of petitioner and claimant and make our independent findings of fact. See Williams v. Branum, 192 Okl. 129, 134 P.2d 352; and McAlester v. Tooman, Okl., 338 P.2d 1083.

The record discloses that petitioner had a contract to construct a section of roadway and had entered into an agreement with Harrison-Gibbs to secure trucks and drivers to haul dirt and rock. Harrison-Gibbs was engaged in the service station business and was in a position to have knowledge of the general availability of truckers for hire.

Gibbs, of Harrison-Gibbs, owned a truck which was used in hauling the dirt and rock but all the other trucks were individually owned. In most instances, the truck owners drove their own trucks and if they were unable to drive their own truck and their truck was used, the owners would pay for the driver's services. Claimant either owned his truck or it was owned by his son and claimant was orally hired by Harrison-Gibbs to haul the crushed rock for petitioner.

Petitioner operated a rock crusher to supply rock for the construction project. The rock was crushed some distance from the actual road construction site and hauled to the site where used. The trucks were loaded from the hopper of the rock crusher and drivers were directed by employees of petitioner to drive under the hopper to load. The trucks would then be weighed by petitioner's employees to determine the weight of the load and the drivers furnished with two tickets. One ticket was to be given to petitioner's foreman at the delivery site and the other was for Harri-

son-Gibbs. After a truck was loaded and weighed, it would proceed to the delivery site and the rock dumped under the direction of petitioner's foreman.

The drivers of the trucks or truck owners were paid on a per ton per mile basis. If they did no hauling they received no compensation. The truckers paid for all their oil and gas and upkeep of their trucks. Petitioner would pay in one sum the earnings of all the truck drivers with their trucks and Harrison-Gibbs would in turn pay the truckers. Harrison-Gibbs received from petitioner ten per cent of the gross earnings for its services in securing the necessary trucks and advising the truckers when they were needed and not needed. In many instances, all the trucks were not needed and the truck drivers would decide among themselves who should work on a particular day.

Claimant sustained an injury as a result of an accident which happened after claimant had dumped a load of rock. The cause of the accident and extent of the injury or disability are not necessary to consider in the disposition of this cause.

The trial tribunal found that Harrison-Gibbs was acting in the capacity as hiring agent for petitioner; that petitioner had the direction and control of claimant in his work and claimant was an employee of petitioner on the date of the injury. Petitioner filed its petition in this Court to review the order of the State Industrial Court.

Claimant contends the relationship of employer-employee between petitioner and claimant was established because petitioner or its agents supervised the loading, weighing and unloading the rock and Harrison-Gibbs, in acting as the hiring agent of petitioner, hired claimant and informed him when the crusher was in operation and the number of trucks needed and whether claimant should haul rock at a certain time or whether he should not.

In Mahl v. McMahan, Okl., 325 P.2d 78, we held that the relationship of employer and employee is a first prerequisite to any award under the compensation act, and such relationship is created either by contract, express or implied, or by the unequivocal acts of the parties recognizing the relationship. In Smith v. Crotts, Okl., 336 P.2d 1103, we held:

"An independent contractor is one who is engaged to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performances of the service, except as to the result or product of the work.

"One who contracts with another to haul gravel from gravel pit to place of road building operation upon a ton basis of payment and uses his own dump truck, and hires his own drivers, and is free from supervision or control except as to the place of hauling and unloading, is an independent contractor."

In the case of Miller v. Steelman Construction Company, Okl., 282 P.2d 740, claimant owned a dump truck and was engaged by a contractor to haul asphalt in the construction of a highway. Claimant was paid on a per mile per ton basis. While en route with a load of asphalt, his truck was involved in an accident and claimant sustained injuries. Claimant contended that the relationship of master and servant existed rather than that of principal and independent contractor, and in support thereof urged that he was directed by the contractor as to where and what place to load and unload the asphalt; that he was directed and required to drive his truck under a hopper at the contractor's plant where it was loaded by an employee of contractor by the use of a mechanical device; that after he arrived at his destination he was directed by the foreman of the contractor to unload the asphalt at a particular place. In that case the State Industrial Court found claimant was not an employee of the contractor but was an independent contractor. On appeal, we

considered and weighed the evidence and sustained the order denying the award.

We can find no material distinction between the facts in the case at bar and the basic facts in Miller v. Steelman Construction Company, supra, nor can we find any reason why that case should not be controlling in the instant case.

We therefore conclude that claimant was not an employee of petitioner on the date of the accident and the order of the State Industrial Court granting an award to claimant is accordingly vacated.

Award vacated.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.