RON–JON COMPANY, INC., and Employers
Fire Insurance Co., Petitioners,

v.

Billy Wayne PINSON and State Industrial
Court of Oklahoma, Respondents.

No. 49224.

Supreme Court of Oklahoma.

Oct. 19, 1976.

George Fisher, Oklahoma City, for petitioners.

Russell & Payne by Clark Russell, Oklahoma City, for respondent.

IRWIN, Justice:

The sole issue presented is whether Billy Wayne Pinson (claimant) was an employee of Ron-Jon Co., Inc., so as to be within the purview of the Workmen's Compensation Act at the time he sustained the accidental injury for which he seeks recovery from Ron-Jon's compensation carrier, Employers

Fire Insurance Company (respondents). Respondents argue that claimant was an independent contractor at the time of the accidental injury in question.

■ Where the relationship of employer and employee is a disputed issue before this Court on review of a decision of the State Industrial Court, the issue is jurisdictional and the Supreme Court will conduct an independent examination of the law and facts to determine whether such relationship exists. *Dodd v. Rush*, Okl., 406 P.2d 261 (1965); *Brewer v. Bama Pie, Inc.*, Okl., 390 P.2d 500 (1964); *Standard Magnesium Co. v. Cotner*, Okl., 332 P.2d 1 (1958).

Claimant was the owner of his own truck and engaged in the activity of hauling railroad ties from the work site of Ron-Jon to Ron-Jon's storage facilities in Tulsa, Oklahoma. Claimant would go to the site of the job and would assist in the removal of salvage railroad ties, which would be stacked and loaded onto his truck. While claimant assisted in all phases of the removal and loading of the ties, he was compensated at an hourly rate of $3.00. While transporting the ties on his truck, claimant was paid an agreed price per tie plus mileage. The substantial majority of claimant's time was consumed in his transportation activities. Claimant operated under an oral agreement whereby he was paid weekly and no deductions were made from his pay check for federal and state taxes. Both claimant and the president of Ron-Jon testified that their agreement expressly excluded claimant from medical coverage by the firm.

■ While there are numerous factual indicators upon which a determination of employer-employee relationship have in the past been based, the primary consideration used by this Court, where other considerations are essentially equal, has been the degree of control the alleged employee exercises or has the right to exercise over the physical details of the work. *Mistletoe Express Service v. Britt*, Okl., 405 P.2d 4 (1965).

■ When claimant was working at the job site, he was under the control and direction of the supervisor on location as were admitted employees of Ron-Jon. However, once loaded, claimant's hauling operations were exclusively performed at his own discretion. Claimant paid for all fuel, service and maintenance of his vehicle, hired and paid his own assistant driver, chose his own route and worked his hours. In the year immediately preceding his injury, claimant earned in excess of $60,000.00 hauling railroad ties. Claimant had no set time by which to report for work or to deliver the ties to the yard of Ron-Jon.

The occasional hourly wage arrangement between claimant and Ron-Jon does not change the fact that claimant's relationship with respondent company was that of an independent contractor at the time he sustained his injury. Work done by claimant at an hourly rate constituted a very small portion of his earnings from the company. Claimant's primary responsibility was to haul ties from the work site to the Tulsa facility. It would appear that usually, although not always, claimant's work for an hourly wage was more for the purpose of reducing down time on claimant's truck than it was a means by which he earned a livelihood. It was not a requirement of claimant's continued working relationship with Ron-Jon that he perform the activities for which he received an hourly wage. There is no evidence that the company ever exercised or asserted any authority to require claimant to perform such work. We have previously held that where additional work was offered to essentially independent contractors at an hourly rate, the additional work being optional on the part of those to whom it was offered, the acceptance of the additional work did not necessarily convert the relationship into that of employer-employee. *Miller v. Steelman Construction Company*, Okl., 282 P.2d 740 (1955).

From an examination of the record as a whole, we can only conclude that this

claimant was an independent contractor performing duties within the scope of his work in such capacity when he sustained the injury for which he now seeks compensation. The State Industrial Court was therefore without jurisdiction to enter the subject award.

Award vacated.

All the Justices concur.