**Danny L. WILLS, Petitioner,**

v.

**ELLSWORTH MOTOR FREIGHTLINES, INC., Shamrock Coal Company, and/or the State Insurance Fund, Respondents.**

No. 64482.

Supreme Court of Oklahoma.

Feb. 21, 1989.

Rehearing Denied April 4, 1989.

Christopher W. Venters, Oklahoma City, for petitioner.

Michael W. McGivern, McGivern, Scott, Gilliard & McGivern, Tulsa, for respondent Ellsworth Motor Freightlines, Inc.

Fred Nicholas, Jr., John R. Schneider, Oklahoma City, for respondents Shamrock Coal Co. and/or the State Ins. Fund.

HARGRAVE, Chief Justice.

Before us for review is an order of the Workers' Compensation Court en banc sustaining the trial authority's order determining that claimant was not an employee of either Ellsworth Motor Freightlines, Inc., or Shamrock Coal Company, being instead an independent contractor, and denying

workers' compensation to claimant. Claimant contends that respondent Ellsworth was his workers' compensation carrier and that he was an employee of respondent Shamrock Coal Company at the time of his injury. We have considered the arguments separately as to each respondent and sustain the order of the court en banc.

Claimant, who owns his own truck and trailer, entered into a contract on January 17, 1983 to haul for Ellsworth Motor Freightlines, Inc. Claimant testified that he did not have his own hauling permit and hauled under Ellsworth's permit. The contract specifically provided that claimant was an independent contractor, and that claimant would provide the necessary labor to haul, load and unload on behalf of Ellsworth. A section of the contract entitled "Workers' Compensation Liability of Trucker" required claimant to provide workers' compensation coverage for any employee, agent or servant employed by claimant in the performance of the contract. A second paragraph set out that claimant, as an independent contractor, was not covered by any workers' compensation insurance of Ellsworth's and that Ellsworth had no liability to claimant or his employees for same. Paragraph three, which gives rise to claimant's first argument states:

> TRUCKER shall secure Workers' Compensation on himself and/or his employees through Carrier based on Carrier's coverage ... Cost of said coverage is at the rate of one third of TRUCKER's gross percentage times 10.64 percent

> .    .    .    .    .

Claimant trucker hauled for carrier Ellsworth under its permits and had Ellsworth decals on his truck. Claimant trucker testified that he called in every evening to learn whether Ellsworth had any work for him the following day. He worked only for Ellsworth from January 17, 1983 to April 8, 1983. Workers' compensation amounts were deducted from his checks based on the contract formula. Claimant did not employ any other drivers during this period. On the evening of April 8, 1983, claimant called Ellsworth's dispatcher, but no work was available for him the next day with Ellsworth.

Shamrock Coal Company called Flood & Son to provide trucks to haul coal on Saturday, April 9, 1983. That morning, Shamrock's supervisor, Mr. Wilson, drove to Flood & Son's place of business, not having been able to reach Flood by telephone, to tell him that Shamrock needed an additional truck for hauling. Flood suggested the claimant and asked Wilson to call claimant. Claimant agreed to work and Wilson told him to come out immediately. Claimant spent the entire day hauling coal from Shamrock's pit to its crusher, about three miles away. On what claimant had been told would be his last load of the day, his truck was struck by a train, resulting in the injuries for which he sought compensation.

After a lengthy hearing on the issue of claimant's employment, the trial judge denied claimant's claim for compensation, finding that, on the date of the accident, claimant was an independent contractor contracted to Flood & Son, and was not an employee of Ellsworth Motor Freightlines, Inc., or Shamrock Coal Company. The court additionally held that claimant was not covered by any workers' compensation insurance. The order was affirmed by the Workers' Compensation Court en banc on May 16, 1985.

## I. ELLSWORTH

▮ ·Claimant alleges that Ellsworth was his insurer for independent contractor workers' compensation coverage. Claimant does not contend that Ellsworth was his employer, but rather that Ellsworth insured him for any and all injuries that might occur in his work as independent contractor, regardless of whether the work was done for Ellsworth. Ellsworth is an own-risk insurer belonging to the Associated Motor Carriers Group Self–Insurance Association. Ellsworth admits that if claimant had been working for Ellsworth he would have been covered. Ellsworth denies that it was acting as claimant's workers' compensation insurance company. Claimant's primary arguments are: (a) that

the contract between claimant and Ellsworth does not specifically *limit* workers' compensation coverage to work performed for Ellsworth and that, since the contract is an "integrated adhesion contract", we must find that claimant was covered, and (b) that because it is unlawful in Oklahoma under Title 85 O.S.1981 § 46 for an employee to be required to pay his or her own workers' compensation insurance premiums, Ellsworth must have been insuring claimant independently of its employees.

We are not persuaded by claimant's arguments. We find no evidence that Ellsworth intended to act as an insurance carrier for claimant in all areas of claimant's work. The contract covers only the operating contract between claimant and Ellsworth, specifying that the claimant is an independent contractor. The scope of the contract was limited to the employment relationship between Ellsworth and claimant. There was no evidence that any coverage purchased through Ellsworth's insurance would not be limited to that employment relationship. If Ellsworth had intended to *enlarge* its scope as insurer, it is likely that Ellsworth would have so stated in the contract, or that the insurance coverage to be provided would have been addressed by an agreement entirely separate from the operating contract. Further, the language of the contract itself says "TRUCKER shall secure Workers' Compensation on himself ... through Carrier *based on Carrier's coverage ...*" (Emphasis added) This language indicates that claimant would purchase the same insurance that Ellsworth provided for its employees. This language does not imply that carrier is *enlarging* the scope of its coverage and there was no evidence that Ellsworth had ever provided blanket workers' compensation coverage for its independent contractors.

The workers' compensation insurance premiums were deducted from the amount owed by Ellsworth to claimant, based on the specified percentage of his gross earnings. During the contract term, aside from the date of the accident, claimant had worked only for Ellsworth; thus, there is no evidence of past dealings between the parties. We cannot know whether premiums would have been deducted by Ellsworth based on claimant's gross earnings from any outside employment. Ellsworth maintained that claimant was not permitted to haul for anyone else while under contract with them, but that issue is not before us on appeal. Claimant tendered to Ellsworth a workers' compensation insurance premium almost nine months after the accident, based on the specified percentage of his gross earnings from Shamrock, which Ellsworth rejected. If we are to believe claimant's interpretation of the contract, Ellsworth would have had to keep a record of all work done anywhere, for anyone, by claimant in order to calculate the amount of the premiums to be deducted from amounts owed by Ellsworth to claimant. We will not speculate as to what the parties might have done under other circumstances. Claimant's second argument, under Title 85 O.S.1981 § 46, is inapposite because it applies to *employees,* not independent contractors. We fail to see how the fact that an employer cannot require its employees to pay for their own insurance premiums in any way supports claimant's argument that, as an independent contractor, he was covered for any work he might perform for anyone.

It is not unreasonable to assume that Ellsworth intended to require that coverage be obtained by claimant in order to protect Ellsworth from any claims which might arise out of work performed for Ellsworth by claimant, or by claimant's employees. Title 85 O.S.1981 § 11 (subsequently amended) subjects the principal employer to liability from his independent contractor's employees for failure to require the independent contractor to provide workers' compensation coverage for his employees.

We find that the trial authority did not err in finding that claimant was not covered by workers' compensation insurance from Ellsworth at the time of his injury.

## II. SHAMROCK

■ Secondly, claimant argues that at the time of his injury he was an employee

of Shamrock Coal Company. Where the relationship of employer/employee is the disputed issue on review of a decision of the Workers' Compensation Court, the issue is jurisdictional, and this Court will conduct an independent examination of the law and the facts to determine whether such relationship exists. *Ron–Jon Company, Inc. v. Pinson,* 555 P.2d 1014 (Okl. 1976). The existence of an employer/employee relationship is an absolute requisite to an award under the Workers' Compensation Act. *Cook Construction Company v. Longcrier,* 405 P.2d 165 (Okl.1965).

This Court has previously considered fact situations similar to that which existed between claimant and Shamrock Coal Company. In the early case of *Porter Construction Company v. Burton,* 156 Okl. 72, 8 P.2d 64 (1932), Porter needed cement, gravel and sand hauled approximately two miles from its yard to its concrete mixer. Burton owned his own truck and was hauling, along with others, for Porter. The loading and unloading was done by Porter's employees, who also directed the truckers where to place their trucks at each location. Porter's foreman told the truckers where to go and what to unload. The truckers were required to work during the hours that the mixer was in operation. Burton was told when to stop at the end of the day and was paid 40¢ a load based on mileage. A certain route was designated for determining mileage, although Burton was free to choose another route. Burton maintained his truck himself and was at liberty to operate the truck himself or employ another to do so. We there held that Burton was an independent contractor, stating that the control or direction to which the claimant was subject went directly to the result of product of the work. See also, *Smith Brothers Road Construction Co. v. Palmer,* 389 P.2d 495 (Okl.1964).

We find no material difference between the facts in *Porter, supra,* and the case at bar. The testimony was that when Shamrock had occasion to require coal hauled from its pits to its crusher, Shamrock's superviser would call Flood & Son to send the necessary trucks and drivers. On April 9, 1983, Shamrock needed an additional truck; Flood suggested claimant and asked Shamrock's supervisor, Wilson, to call claimant. Wilson told claimant when to come out and when to quit. Shamrock's employees directed the trucks where to pull up, and then loaded or unloaded the trucks. There was only one useable road between the pits and the crusher, so the truckers used it. Payment was made by Shamrock to Flood & Son for a certain amount per ton. The trucks were weighed by Shamrock and claimant turned in his hauling receipts to and was paid by Flood & Son. Claimant owned and maintained his own truck, and was free to hire other drivers if he desired. Claimant testified that when he went out on April 9, 1983, he really did not know, but assumed that he was working for Flood & Son. Claimant was under contract to haul for Ellsworth, but hauled for Shamrock on April 9, 1983 because Ellsworth had no work for him that day.

We find no material distinction between the facts in the case at bar and in *Porter Construction Company v. Burton, supra,* and *Smith Brothers Road Construction Co. v. Palmer, supra.* We find no error on the part of the trial authority in denying workers' compensation to claimant based on its finding that claimant was not an employee of Shamrock Coal Company on the date of his accident.

ORDER OF THE WORKERS' COMPENSATION COURT EN BANC IS SUSTAINED.

HODGES, LAVENDER, SIMMS and SUMMERS, JJ., concur.

KAUGER, J., concurs in part and dissents in part.

OPALA, V.C.J., and ALMA WILSON, J., dissent.